IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 22 2008
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| ST. JUDE MEDICAL, INC., a Minnesota Corporation, and ST. JUDE MEDICAL PUERTO RICO LLC, a Puerto Rico Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCESS CLOSURE, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 08-4101<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

## AND JURY DEMAND

Plaintiffs St. Jude Medical, Inc. and St. Jude Medical Puerto Rico LLC (collectively, "Plaintiffs") hereby plead the following claims for patent infringement against Defendant Access Closure, Inc. ("Defendant"), and allege as follows:

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., including § 271. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1338(a) and 1331.

2. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in Arkansas and this District, has committed and continues to commit acts of patent infringement in Arkansas and this District, and has harmed and

continues to harm Plaintiffs in Arkansas and this District, by, among other things, using, selling and offering for sale infringing products in Arkansas and this District.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b)-(c) because, among other reasons, Defendant is subject to personal jurisdiction in this District and has committed acts of infringement in this District. On information and belief, for example, Defendant has used, sold and offered for sale infringing products in this District.

## PARTIES

4. Plaintiff St. Jude Medical, Inc. ("SJM") is a corporation organized and existing under the laws of the State of Minnesota, having its principal place of business in St. Paul, Minnesota. SJM is one of the world's leading providers of medical technology, including without limitation vascular closure devices.

5. Plaintiff St. Jude Medical Puerto Rico LLC ("SJMPR") is a Puerto Rico limited liability company, with its principal place of business in Caguas, Puerto Rico. Plaintiff St. Jude Medical Puerto Rico LLC is a wholly-owned subsidiary of Plaintiff St. Jude Medical, Inc.

6. On information and belief, Defendant Access Closure, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Mountain View, California. Defendant makes and sells vascular closure devices.

## FIRST CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
### (U.S. Patent No. 5,716,375)

7. Plaintiffs incorporate by reference paragraphs 1 through 6 as if set forth here in full.

8. Plaintiff SJMPR is the owner of the entire right, title and interest in and to U.S. Patent No. 5,716,375 (the "'375 patent"), entitled "Insertion assembly and method of inserting a vessel plug into the body of a patient," which was duly issued on February 10, 1998. A copy of the '375 patent is attached as Exhibit A hereto.

9. On information and belief, Defendant has infringed and is currently infringing the '375 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products falling within the scope of one or more claims of the '375 patent including without limitation the Mynx Vascular Closure Device.

10. On information and belief, Defendant induced and is actively inducing the infringement of the '375 patent, in violation of 35 U.S.C. § 271(b), by actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products falling within the scope of one or more claims of the '375 patent including without limitation the Mynx Vascular Closure Device.

11. On information and belief, Defendant has contributorily infringed and is currently contributorily infringing the '375 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '375 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '375 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

12. On information and belief, Defendant has infringed and is currently infringing the '375 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '375 patent including without limitation the Mynx Vascular Closure Device.

13. On information and belief, Defendant's infringement of the '375 patent has been and continues to be willful and deliberate. For example, on information and belief, Defendant

was aware and had knowledge of one or more patents in the '375 patent family no later than January 3, 2005.

14. Unless enjoined, Defendant will continue to infringe the '375 patent, and Plaintiffs will suffer irreparable injury as a direct and proximate result of Defendant's conduct.

15. Plaintiffs have been damaged by Defendant's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
## (U.S. Patent No. 5,275,616)

16. Plaintiffs incorporate by reference paragraphs 1 through 6 as if set forth here in full.

17. Plaintiff SJMPR is the owner of the entire right, title and interest in and to U.S. Patent No. 5,275,616 (the "'616 patent"), entitled "Insertion assembly and method of inserting a vessel plug into the body of a patient," which was duly issued on January 4, 1994. A Reexamination Certificate issued for the '616 patent on January 23, 1996. A copy of the '616 patent, including the Reexamination Certificate, is attached as Exhibit B hereto.

18. On information and belief, Defendant has infringed and is currently infringing the '616 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products falling within the scope of one or more claims of the '616 patent including without limitation the Mynx Vascular Closure Device.

19. On information and belief, Defendant induced and is actively inducing the infringement of the '616 patent, in violation of 35 U.S.C. § 271(b), by actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products falling within the scope of one or more claims of the '616 patent including without limitation the Mynx Vascular Closure Device.

20. On information and belief, Defendant has contributorily infringed and is currently contributorily infringing the '616 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '616 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '616 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

21. On information and belief, Defendant has infringed and is currently infringing the '616 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '616 patent including without limitation the Mynx Vascular Closure Device.

22. On information and belief, Defendant's infringement of the '616 patent has been and continues to be willful and deliberate. For example, on information and belief, Defendant was aware and had knowledge of one or more patents in the '616 patent family no later than January 3, 2005.

23. Unless enjoined, Defendant will continue to infringe the '616 patent, and Plaintiffs will suffer irreparable injury as a direct and proximate result of Defendant's conduct.

24. Plaintiffs have been damaged by Defendant's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

### THIRD CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
### (U.S. Patent No. 5,601,602)

25. Plaintiffs incorporate by reference paragraphs 1 through 6 as if set forth here in full.

26. Plaintiff SJMPR is the owner of the entire right, title and interest in and to U.S. Patent No. 5,601,602 (the "'602 patent"), entitled "Insertion assembly and method of inserting a

vessel plug into the body of a patient," which was duly issued on February 11, 1997. A copy of the '602 patent is attached as Exhibit C hereto.

27. On information and belief, Defendant has infringed and is currently infringing the '602 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products falling within the scope of one or more claims of the '602 patent including without limitation the Mynx Vascular Closure Device.

28. On information and belief, Defendant induced and is actively inducing the infringement of the '602 patent, in violation of 35 U.S.C. § 271(b), by actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products falling within the scope of one or more claims of the '602 patent including without limitation the Mynx Vascular Closure Device.

29. On information and belief, Defendant has contributorily infringed and is currently contributorily infringing the '602 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '602 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '602 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

30. On information and belief, Defendant has infringed and is currently infringing the '602 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '602 patent including without limitation the Mynx Vascular Closure Device.

31. On information and belief, Defendant's infringement of the '602 patent has been and continues to be willful and deliberate. For example, on information and belief, Defendant was aware and had knowledge of one or more patents in the '602 patent family no later than January 3, 2005.

32. Unless enjoined, Defendant will continue to infringe the '602 patent, and Plaintiffs will suffer irreparable injury as a direct and proximate result of Defendant's conduct.

33. Plaintiffs have been damaged by Defendant's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## FOURTH CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
### (U.S. Patent No. 5,725,498)

34. Plaintiffs incorporate by reference paragraphs 1 through 6 as if set forth here in full.

35. Plaintiff SJM is the owner of the entire right, title and interest in and to U.S. Patent No. 5,725,498 (the "'498 patent"), entitled "Device and method for sealing puncture wounds," which was duly issued on March 10, 1998. A copy of the '498 patent is attached as Exhibit D hereto.

36. On information and belief, Defendant has infringed and is currently infringing the '498 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products falling within the scope of one or more claims of the '498 patent including without limitation the Mynx Vascular Closure Device.

37. On information and belief, Defendant induced and is actively inducing the infringement of the '498 patent, in violation of 35 U.S.C. § 271(b), by actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products falling within the scope of one or more claims of the '498 patent including without limitation the Mynx Vascular Closure Device.

38. On information and belief, Defendant has contributorily infringed and is currently contributorily infringing the '498 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '498 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '498 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

39. On information and belief, Defendant has infringed and is currently infringing the '498 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '498 patent including without limitation the Mynx Vascular Closure Device.

40. On information and belief, Defendant's infringement of the '498 patent has been and continues to be willful and deliberate. For example, on information and belief, Defendant was aware and had knowledge of one or more patents in the '498 patent family no later than January 3, 2005.

41. Unless enjoined, Defendant will continue to infringe the '498 patent, and Plaintiffs will suffer irreparable injury as a direct and proximate result of Defendant's conduct.

42. Plaintiffs have been damaged by Defendant's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

### FIFTH CLAIM FOR RELIEF FOR PATENT INFRINGEMENT
### (U.S. Patent No. 7,008,439)

43. Plaintiffs incorporate by reference paragraphs 1 through 6 as if set forth here in full.

44. Plaintiff SJM is the owner of the entire right, title and interest in and to U.S. Patent No. 7,008,439 (the "'439 patent"), entitled "Device and method for sealing puncture

wounds," which was duly issued on March 7, 2006. A copy of the '439 patent is attached as Exhibit E hereto.

45.  On information and belief, Defendant has infringed and is currently infringing the '439 patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products falling within the scope of one or more claims of the '439 patent including without limitation the Mynx Vascular Closure Device.

46.  On information and belief, Defendant induced and is actively inducing the infringement of the '439 patent, in violation of 35 U.S.C. § 271(b), by actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products falling within the scope of one or more claims of the '439 patent including without limitation the Mynx Vascular Closure Device.

47.  On information and belief, Defendant has contributorily infringed and is currently contributorily infringing the '439 patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the '439 patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '439 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

48.  On information and belief, Defendant has infringed and is currently infringing the '439 patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '439 patent including without limitation the Mynx Vascular Closure Device.

49.     On information and belief, Defendant's infringement of the '439 patent has been and continues to be willful and deliberate. For example, on information and belief, Defendant was aware and had knowledge of one or more patents in the '439 patent family no later than January 3, 2005.

50.     Unless enjoined, Defendant will continue to infringe the '439 patent, and Plaintiffs will suffer irreparable injury as a direct and proximate result of Defendant's conduct.

51.     Plaintiffs have been damaged by Defendant's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     That U.S. Patent Nos. 5,716,375; 5,275,616; 5,601,602; 5,725,498; and 7,008,439 (collectively, the "Patents-In-Suit") are valid and enforceable;

2.     That Defendant has directly infringed the Patents-In-Suit;

3.     That Defendant has induced the infringement of the Patents-In-Suit;

4.     That Defendant has contributorily infringed the Patents-In-Suit;

5.     That Defendant and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for it and on its behalf, or acting in concert with it directly or indirectly, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the Patents-In-Suit;

6.     That Defendant be ordered to pay compensatory damages to Plaintiffs, together with interest;

7.     That Defendant be ordered to provide an accounting;

8.     That Defendant be ordered to pay supplemental damages to Plaintiffs, including without limitation interest;

9.     That the infringement by Defendant be adjudged willful and that the damages be increased under 35 U.S.C. § 284 to three times the amount found or measured;

10. That this be adjudged an exceptional case and that Plaintiffs be awarded their attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

11. That Plaintiffs be awarded such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues.

Dated: October 22, 2008

Respectfully submitted,

By: /s/ Nicholas H. Patton

Nicholas H. Patton
PATTON, TIDWELL & SCHROEDER, LLP
P.O. Box 5398
Texarkana, TX 75505-5398
Telephone:(903) 792-7080
Facsimile: (903) 792-8233

Attorney for Plaintiffs
St. Jude Medical, Inc. and St. Jude Medical Puerto Rico LLC

Of counsel:
Morgan Chu
Jonathan Steinberg
Andrei Iancu
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199