IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

TEXARKANA DIVISION

| | |
|---|---|
| ST. JUDE MEDICAL, INC. and ST. JUDE MEDICAL PUERTO RICO LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>ACCESS CLOSURE, INC.,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 08-CV-4101 (HFB)<br><br>JURY TRIAL DEMANDED |

## DEFENDANT ACCESSCLOSURE, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant AccessClosure, Inc. ("ACI") answers the allegations of the Complaint of Plaintiffs St. Jude Medical, Inc. and St. Jude Medical Puerto Rico LLC (collectively "St. Jude") as follows:

### JURISDICTION AND VENUE

1.	ACI admits that this action purports to arise under the patent laws of the United States, and that the Complaint purports to invoke the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2.	ACI admits that it conducts business in the State of Arkansas and in this judicial district.  ACI denies that it has committed any acts of infringement within this district or otherwise and denies the remaining allegations in paragraph 2 of the Complaint.

3.	ACI admits that the Complaint asserts that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400 (b).  ACI admits that it conducts business in the

State of Arkansas and in this judicial district.  ACI denies that it has committed any acts of infringement within this district or otherwise and denies the remaining allegations in paragraph 3 of the Complaint.

## BACKGROUND AND PARTIES

4.  ACI admits that St. Jude Medical, Inc. purports to be a Minnesota corporation and purports to have its principal place of business in St. Paul, Minnesota.  ACI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint, and therefore denies them.

5.  ACI admits that St. Jude Medical Puerto Rico LLC purports to be a limited liability company and purports to have its principal place of business in Caguas, Puerto Rico.  ACI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint, and therefore denies them.

6.  ACI admits that it is a corporation organized and existing under the laws of the State of Delaware.  ACI admits that its principal place of business is in Mountain View, California.  ACI admits that it sells the Mynx™ vascular closure system.

## FIRST CLAIM FOR RELIEF
### (U.S. Patent No. 5,716,375)

7.  ACI incorporates by reference paragraphs 1 through 6 as if set forth here in full.

8.  ACI admits that United States Patent No. 5,716,375 ("the '375 patent") is entitled "Insertion assembly and method of inserting a vessel plug into the body of a patient," and on its face purports to have been issued on February 10, 1998.  ACI further admits that Exhibit A appears to be a copy of the '375 patent.  ACI denies that the '375 patent was duly and legally issued.

9.  ACI denies the allegations of paragraph 9 of the Complaint.

10.  ACI denies the allegations of paragraph 10 of the Complaint.

11.  ACI denies the allegations of paragraph 11 of the Complaint.

12.  ACI denies the allegations of paragraph 12 of the Complaint.

13. ACI denies the allegations of paragraph 13 of the Complaint.

14. ACI denies the allegations of paragraph 14 of the Complaint.

15. ACI denies the allegations of paragraph 15 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (U.S. Patent No. 5,275,616)

16. ACI incorporates by reference paragraphs 1 through 6 as if set forth here in full.

17. ACI admits that United States Patent No. 5,275,616 ("the '616 patent") is entitled "Insertion assembly and method of inserting a vessel plug into the body of a patient," and on its face purports to have been issued on January 4, 1994. ACI further admits that a reexamination certificate purports to have been issued on January 23, 1996. ACI also admits that Exhibit B appears to be a copy of the '616 patent and reexamination certificate. ACI denies that the '616 patent and/or reexamination certificate were duly and legally issued.

18. ACI denies the allegations of paragraph 18 of the Complaint.

19. ACI denies the allegations of paragraph 19 of the Complaint.

20. ACI denies the allegations of paragraph 20 of the Complaint.

21. ACI denies the allegations of paragraph 21 of the Complaint.

22. ACI denies the allegations of paragraph 22 of the Complaint.

23. ACI denies the allegations of paragraph 23 of the Complaint.

24. ACI denies the allegations of paragraph 24 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (U.S. Patent No. 5,601,602)

25. ACI incorporates by reference paragraphs 1 through 6 as if set forth here in full.

26. ACI admits that United States Patent No. 5,601,602 ("the '602 patent") is entitled "Insertion assembly and method of inserting a vessel plug into the body of a patient," and on its face purports to have been issued on February 11, 1997. ACI further admits that Exhibit C appears to be a copy of the '602 patent. ACI denies that the '602 patent was duly and legally issued.

27. ACI denies the allegations of paragraph 27 of the Complaint.

28. ACI denies the allegations of paragraph 28 of the Complaint.

29. ACI denies the allegations of paragraph 29 of the Complaint.

30. ACI denies the allegations of paragraph 30 of the Complaint.

31. ACI denies the allegations of paragraph 31 of the Complaint.

32. ACI denies the allegations of paragraph 32 of the Complaint.

33. ACI denies the allegations of paragraph 33 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### (U.S. Patent No. 5,725,498)

34. ACI incorporates by reference paragraphs 1 through 6 as if set forth here in full.

35. ACI admits that United States Patent No. 5,725,498 ("the '498 patent") is entitled "Device and method for sealing puncture wounds," and on its face purports to have been issued on March 10, 1998. ACI further admits that Exhibit D appears to be a copy of the '498 patent. ACI denies that the '498 patent was duly and legally issued.

36. ACI denies the allegations of paragraph 36 of the Complaint.

37. ACI denies the allegations of paragraph 37 of the Complaint.

38. ACI denies the allegations of paragraph 38 of the Complaint.

39. ACI denies the allegations of paragraph 39 of the Complaint.

40. ACI denies the allegations of paragraph 40 of the Complaint.

41. ACI denies the allegations of paragraph 41 of the Complaint.

42. ACI denies the allegations of paragraph 42 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### (U.S. Patent No. 7,008,439)

43. ACI incorporates by reference paragraphs 1 through 6 as if set forth here in full.

44. ACI admits that United States Patent No. 7,008,439 ("the '439 patent") is entitled "Device and method for sealing puncture wounds," and on its face purports to have been issued

on March 7, 2006.  ACI further admits that Exhibit E appears to be a copy of the '439 patent.  ACI denies that the '439 patent was duly and legally issued.

45. ACI denies the allegations of paragraph 45 of the Complaint.

46. ACI denies the allegations of paragraph 46 of the Complaint.

47. ACI denies the allegations of paragraph 47 of the Complaint.

48. ACI denies the allegations of paragraph 48 of the Complaint.

49. ACI denies the allegations of paragraph 49 of the Complaint.

50. ACI denies the allegations of paragraph 50 of the Complaint.

51. ACI denies the allegations of paragraph 51 of the Complaint.

## RESPONSE TO ST. JUDE'S PRAYER FOR RELIEF

1-11. ACI denies that St. Jude is entitled to an award of any relief at all or to the relief sought in St. Jude's prayer for relief against ACI.  St. Jude is not entitled to injunctive relief, damages, interest, treble damages, attorney fees or any other type of recovery from ACI.  St. Jude's prayer should, therefore, be denied in its entirety and with prejudice, and St. Jude should take nothing.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

2. ACI has not infringed and does not infringe, either directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the '375 patent, the '616 patent, the '602 patent, the '498 patent or the '439 patent either literally or under the doctrine of equivalents, willfully or otherwise.

### THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

3. The claims of the '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and 112.

4. The claims in the '375 patent, '498 patent, and the '439 patent are invalid for obviousness-type double patenting.

### FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel/Judicial Estoppel)

5. St. Jude is estopped from construing the claims of the '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent in such a way as may cover ACI's activities by reason of amendment, cancellation or abandonment of claim(s), and the admissions and other statements made in and to the United States Patent and Trademark Office (the "Office"), prior statements made in or to this or any other Court, prior rulings of this or any other Court and/or St. Jude's prior conduct.

### FIFTH AFFIRMATIVE DEFENSE

### (Unenforceability Due to Unclean Hands and Inequitable Conduct)

6. The '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent are unenforceable due to unclean hands. The '375 '498, and '439 patents are also unenforceable due to inequitable conduct. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability. Certain material information known to one or more persons subject to such a duty, including at least Richard D. Allison, was not disclosed to the Office during prosecution of the '375 patent. Certain material information known to one or more persons subject to such a duty, including at least Robert B. Cohen and David L. Schaeffer, was not

disclosed to the Office during prosecution of the '498 and '439 patents. These omissions were, on information and belief, intended to deceive the Office.

7. For example, during the prosecution of the application that led to the '375 patent, the applicant did not disclose to the Office at least the following material information: (a) the portion of the term of U.S. Pat. No. 5,725,616 subsequent to April 28, 2009 that had been disclaimed; and (b) the claims of the '616 patent that give rise to a conceivable obviousness-type double patenting rejection of at least one claim of the '375 patent, including without limitation, claims 13-15 of the '616 patent vis-à-vis claims 2, 7 and 8 of the '375 patent and claim 19 of the '616 patent vis-à-vis claim 21 of the '375 patent.

8. As a further example, during the prosecution of the application that led to the '498 patent, the applicant did not disclose to the Office at least the following material information: the claims of the copending 08/399,535 application (later, the '439 patent) that give rise to a conceivable obviousness-type double patenting rejection of at least one claim of the '498 patent, including without limitation, claims 1, 2, 9 and 10 of the '439 patent vis-à-vis claim 7 of the '498 patent.

9. As a third example, during the prosecution of the application that led to the '439 patent, the applicant did not disclose to the Office at least the following material information: (a) the claims of the copending 08/712,772 application, which issued as the '498 patent, that give rise to a conceivable obviousness-type double patenting rejection of at least one claim of the '439 patent, including without limitation, claim 7 of the '498 patent vis-à-vis claims 1, 2, 9 and 10 of the '439 patent; (b) the claims of U.S. Pat. No. 5,830,130 that give rise to a conceivable obviousness-type double patenting rejection of at least one claim of the '439 patent, including without limitation, claims 12 and 13 of the '130 patent vis-à-vis claims 1, 2, 9 and 10 of the '439 patent; and (c) the claims of U.S. Pat. No. 5,391,183 that give rise to a conceivable obviousness-type double patenting rejection of at least one claim of the '498 patent, including without limitation, claim 1-4 of the '183 patent vis-à-vis claims 1, 2, 9 and 10 of the '439 patent.

10. Through these acts of inequitable conduct before the Office, the applicant for the '375 patent improperly induced the Office to issue a patent with an apparent term that extends beyond that of the '616 patent, and the applicants for the '498 and '439 patents improperly induced the Office to issue patents with apparent terms that extend beyond that permitted by 35 U.S.C. § 154.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel, Waiver and Laches)

11. St. Jude's claims against ACI regarding the '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent are barred, in whole or in part, by the doctrine of estoppel, waiver and laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

12. On information and belief, St. Jude is barred or limited from recovering damages, in whole or in part, by the failure to mark, by itself or by one or more parties licensed to practice the '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent, as required by 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE
### (Government Sales)

13. St. Jude's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498.

## NINTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

14. ACI is not liable for acts that St. Jude alleges infringe the '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent because the accused activities are reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use or sale of medical devices under 35 U.S.C. § 271(e)(1).

### TENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief)

15. St. Jude is not entitled to injunctive relief because any injury to St. Jude is not immediate or irreparable, and St. Jude has an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Dedication to the Public)

16. The relief sought by St. Jude is or may be barred, in whole or in part, because all embodiments not literally claimed in the '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent were dedicated to the public.

### TWELFTH AFFIRMATIVE DEFENSE

### (Prosecution Laches)

17. One of more of the claims of the '439 patent is barred by the doctrine of prosecution laches.

### COUNTERCLAIMS

For its Counterclaims against St. Jude Medical, Inc. and St. Jude Medical Puerto Rico LLC (collectively "St. Jude"), AccessClosure, Inc. ("ACI") avers and alleges as follows:

### NATURE OF ACTION

1. This is an action seeking declaratory judgments of invalidity, unenforceability and non-infringement of U.S. Patent No. 5,716,375 ("the '375 patent"), U.S. Patent No. 5,275,616 ("the '616 patent"), U.S. Patent No. 5,601,602 ("the '601 patent"), U.S. Patent No. 5,725,498 ("the '498 patent") and U.S. Patent No. 7,008,439 ("the '439 patent").

### JURISDICTION AND VENUE

2. This action arises under the Patent Laws of the United States, Title 35, United States Code §§101, et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201-2202 and personal jurisdiction over St. Jude based on its presence in this judicial district. Also, St. Jude filed suit against ACI in this judicial district.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## PARTIES

5. ACI is a Delaware corporation having its principal place of business at 645 Clyde Avenue, Mountain View, California 94043.

6. On information and belief, St. Jude Medical, Inc. is a Minnesota corporation with its principal place of business in Saint Paul, Minnesota.

7. On information and belief, St. Jude Medical Puerto Rico LLC is a limited liability company with its principal place of business in Caguas, Puerto Rico.

## GENERAL ALLEGATIONS

8. In its Complaint, St. Jude purports to be the owner of the '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent and has alleged in its Complaint that ACI infringes those patents.

## FIRST COUNTERCLAIM

### (Declaratory Judgment for Non-Infringement of the '375 Patent)

9. An actual and justiciable controversy exists between St. Jude and ACI with respect to the non-infringement of the '375 patent because St. Jude has brought an action against ACI alleging that ACI infringes the '375 patent and alleging that the '375 patent is valid and enforceable, allegations which ACI denies. Absent a declaration of non-infringement, St. Jude will continue to wrongfully assert the '375 patent against ACI, and thereby cause ACI irreparable injury and damage.

10. ACI has not infringed and does not infringe, either directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the '375 patent either literally or under the doctrine of equivalents, willfully or otherwise.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment for Invalidity of the '375 Patent)**

11.     An actual and justiciable controversy exists between St. Jude and ACI with respect to the invalidity of the '375 patent because St. Jude has brought an action against ACI alleging that ACI infringes the '375 patent and alleging that the '375 patent is valid and enforceable, allegations which ACI denies.  Absent a declaration of invalidity, St. Jude will continue to wrongfully assert the '375 patent against ACI, and thereby cause ACI irreparable injury and damage.

12.     The '375 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112, and invalid for obviousness-type double patenting, and ACI is entitled to a declaration to that effect.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment for Non-Infringement of the '616 Patent)**

13.     An actual and justiciable controversy exists between St. Jude and ACI with respect to the non-infringement of the '616 patent because St. Jude has brought this action against ACI alleging that ACI infringes the '616 patent and alleging that the '616 patent is valid and enforceable, allegations which ACI denies.  Absent a declaration of non-infringement, St. Jude will continue to wrongfully assert the '616 patent against ACI, and thereby cause ACI irreparable injury and damage.

14.     ACI has not infringed and does not infringe, either directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the '616 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

**FOURTH COUNTERCLAIM**

**(Declaratory Judgment for Invalidity of the '616 Patent)**

15.     An actual and justiciable controversy exists between St. Jude and ACI with respect to the invalidity of the '616 patent because St. Jude has brought an action against ACI alleging that ACI infringes the '616 patent and alleging that the '616 patent is valid and

enforceable, allegations which ACI denies. Absent a declaration of invalidity, St. Jude will continue to wrongfully assert the '616 patent against ACI, and thereby cause ACI irreparable injury and damage.

16. The '616 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112, and ACI is entitled to a declaration to that effect.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment for Non-Infringement of the '602 Patent)

17. An actual and justiciable controversy exists between St. Jude and ACI with respect to the non-infringement of the '602 patent because St. Jude has brought this action against ACI alleging that ACI infringes the '602 patent and alleging that the '602 patent is valid and enforceable, allegations which ACI denies. Absent a declaration of non-infringement, St. Jude will continue to wrongfully assert the '602 patent against ACI, and thereby cause ACI irreparable injury and damage.

18. ACI has not infringed and does not infringe, either directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the '602 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment for Invalidity of the '602 Patent)

19. An actual and justiciable controversy exists between St. Jude and ACI with respect to the invalidity of the '602 patent because St. Jude has brought an action against ACI alleging that ACI infringes the '602 patent and alleging that the '602 patent is valid and enforceable, allegations which ACI denies. Absent a declaration of invalidity, St. Jude will continue to wrongfully assert the '602 patent against ACI, and thereby cause ACI irreparable injury and damage.

20. The '601 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112, and ACI is entitled to a declaration to that effect.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment for Non-Infringement of the '498 Patent)

21. An actual and justiciable controversy exists between St. Jude and ACI with respect to the non-infringement of the '498 patent because St. Jude has brought this action against ACI alleging that ACI infringes the '498 patent and alleging that the '498 patent is valid and enforceable, allegations which ACI denies. Absent a declaration of non-infringement, St. Jude will continue to wrongfully assert the '498 patent against ACI, and thereby cause ACI irreparable injury and damage.

22. ACI has not infringed and does not infringe, either directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the '498 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment for Invalidity of the '498 Patent)

23. An actual and justiciable controversy exists between St. Jude and ACI with respect to the invalidity of the '498 patent because St. Jude has brought an action against ACI alleging that ACI infringes the '498 patent and alleging that the '498 patent is valid and enforceable, allegations which ACI denies. Absent a declaration of invalidity, St. Jude will continue to wrongfully assert the '498 patent against ACI, and thereby cause ACI irreparable injury and damage.

24. The '498 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112, and invalid for obviousness-type double patenting, and ACI is entitled to a declaration to that effect.

## NINTH COUNTERCLAIM

### (Declaratory Judgment for Non-Infringement of the '439 Patent)

25. An actual and justiciable controversy exists between St. Jude and ACI with respect to the non-infringement of the '439 patent because St. Jude has brought this action against ACI alleging that ACI infringes the '439 patent and alleging that the '439 patent is valid and enforceable, allegations which ACI denies. Absent a declaration of non-infringement, St. Jude will continue to wrongfully assert the '439 patent against ACI, and thereby cause ACI irreparable injury and damage.

26. ACI has not infringed and does not infringe, either directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the '439 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

## TENTH COUNTERCLAIM

### (Declaratory Judgment for Invalidity of the '439 Patent)

27. An actual and justiciable controversy exists between St. Jude and ACI with respect to the invalidity of the '439 patent because St. Jude has brought an action against ACI alleging that ACI infringes the '439 patent and alleging that the '439 patent is valid and enforceable, allegations which ACI denies. Absent a declaration of invalidity, St. Jude will continue to wrongfully assert the '439 patent against ACI, and thereby cause ACI irreparable injury and damage.

28. The '439 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103 and/or 112, and invalid for obviousness-type double patenting, and ACI is entitled to a declaration to that effect.

## ELEVENTH COUNTERCLAIM

### (Declaratory Judgment for Unenforceability of the '375, '616, '602, '498, and '439 Patents)

29. An actual and justiciable controversy exists between St. Jude and ACI with respect to the unenforceability of the '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent because St. Jude has brought an action against ACI alleging that those

patents are valid, enforceable and infringed by ACI, allegations which ACI denies. Absent a declaration of unenforceability, ACI will continue to wrongfully assert the '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent against ACI, and thereby cause ACI irreparable injury and damage.

30. The '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent are unenforceable due to unclean hands. The '375 '498, and '439 patents are also unenforceable due to inequitable conduct. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability. Certain material information known to one or more persons subject to such a duty, including at least Richard D. Allison, was not disclosed to the Office during prosecution of the '375 patent. Certain material information known to one or more persons subject to such a duty, including at least Robert B. Cohen and David L. Schaeffer, was not disclosed to the Office during prosecution of the '498 and '439 patents. These omissions were, on information and belief, intended to deceive the Office.

31. For example, during the prosecution of the application that led to the '375 patent, the applicant did not disclose to the Office at least the following material information: (a) the portion of the term of U.S. Pat. No. 5,725,616 subsequent to April 28, 2009 that had been disclaimed; and (b) the claims of the '616 patent that give rise to a conceivable obviousness-type double patenting rejection of at least one claim of the '375 patent, including without limitation, claims 13-15 of the '616 patent vis-à-vis claims 2, 7 and 8 of the '375 patent and claim 19 of the '616 patent vis-à-vis claim 21 of the '375 patent.

32. As a further example, during the prosecution of the application that led to the '498 patent, the applicant did not disclose to the Office at least the following material information: the claims of the copending 08/399,535 application (later, the '439 patent) that give rise to a conceivable obviousness-type double patenting rejection of at least one claim of the '498 patent,

including without limitation, claims 1, 2, 9 and 10 of the '439 patent vis-à-vis claim 7 of the '498 patent.

33. As a third example, during the prosecution of the application that led to the '439 patent, the applicant did not disclose to the Office at least the following material information: (a) the claims of the copending 08/712,772 application, which issued as the '498 patent, that give rise to a conceivable obviousness-type double patenting rejection of at least one claim of the '439 patent, including without limitation, claim 7 of the '498 patent vis-à-vis claims 1, 2, 9 and 10 of the '439 patent; (b) the claims of U.S. Pat. No. 5,830,130 that give rise to a conceivable obviousness-type double patenting rejection of at least one claim of the '439 patent, including without limitation, claims 12 and 13 of the '130 patent vis-à-vis claims 1, 2, 9 and 10 of the '439 patent; and (c) the claims of U.S. Pat. No. 5,391,183 that give rise to a conceivable obviousness-type double patenting rejection of at least one claim of the '498 patent, including without limitation, claim 1-4 of the '183 patent vis-à-vis claims 1, 2, 9 and 10 of the '439 patent.

34. Through these acts of inequitable conduct before the Office, the applicant for the '375 patent improperly induced the Office to issue a patent with an apparent term that extends beyond that of the '616 patent, and the applicants for the '498 and '439 patents improperly induced the Office to issue patents with apparent terms that extend beyond that permitted by 35 U.S.C. § 154.

35. The '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent are unenforceable due to unclean hands, inequitable conduct and/or other equitable doctrines that the Court may deem appropriate, and ACI is entitled to a declaration to that effect.

## PRAYER FOR RELIEF

WHEREFORE ACI prays for relief as follows:

36. For judgment in favor of ACI and against St. Jude on St. Jude's Complaint and ACI's Counterclaims.

37. For dismissal of St. Jude's Complaint with prejudice;

38. For a declaration that ACI is not infringing and has not infringed the '375 patent, the '616 patent, the '602 patent, the '498 patent or the '439 patent and that St. Jude take nothing by its Complaint;

39. For a declaration that the claims of the '375 patent, the '616 patent, the '602 patent, the '498 patent and the '439 patent are invalid and/or unenforceable;

40. For a declaration that this is an exceptional case, and an award to ACI of its reasonable attorneys' fees under 35 U.S.C. § 285;

41. For an award of all costs of suit incurred by ACI; and

42. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, ACI hereby demands a jury trial in this action.

Respectfully submitted,

 /s/ Darby V. Doan
James N. Haltom
Arkansas Bar No. 2005011
Darby V. Doan
Arkansas Bar No. 96064
Haltom & Doan
6500 Summerhill Road, Suite 100
Texarkana, Texas  75503
(903) 255-1000 (Telephone)
(903) 255-0800 (Facsimile)
jhaltom@haltomdoan.com
ddoan@haltomdoan.com

ATTORNEYS FOR DEFENDANT
ACCESSCLOSURE, INC.

OF COUNSEL:

John B. Quinn
Charles K. Verhoeven
David Eiseman
David T. Pollock
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600 (Telephone)
(415) 875-6700 (Facsimile)

**CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.2. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 15th day of December, 2008.

    /s/ Darby V. Doan
    Darby V. Doan