## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| ST. JUDE MEDICAL, INC. and ST. JUDE | § | |
| MEDICAL PUERTO RICO LLC, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 08-cv-4101 (HFB) |
| | § | |
| vs. | § | Jury Trial Demanded |
| | § | |
| ACCESS CLOSURE, INC., | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFFS' SUR-REPLY IN OPPOSITION TO ACCESSCLOSURE, INC.'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

St. Jude submits this sur-reply solely to address two new arguments raised in ACI's reply: (1) that St. Jude has "incorrect[ly]" calculated the expiration dates of two of the patents-in-suit (Reply at 1, 9); and (2) that St. Jude's description of ACI's substantial sales activities in Arkansas is "highly inaccurate" (Reply at 2-3).  As shown below, ACI is mistaken on both points.

**1.    A Transfer Would Prejudice St. Jude's Rights To Injunctive Relief Because Most Of The Patents-In-Suit Expire In 2010, Not 2009**

St. Jude correctly calculated the expiration date of the '616 and '602 patents in its opposition:  October 1, 2010.  ACI's argument to the contrary appears to be based in a failure to understand the currently applicable law, which changed over a decade ago with the passage of Uruguay Round Agreements Act ("URAA").

It is true that, prior to the URAA, a patent's term was generally calculated to expire 17 years after issuance.  *See Bayer AG v. Carlsbad Tech., Inc.*, 296 F.3d 1377, 1378 (Fed. Cir. 2002).  However, the URAA changed the law to provide a standard patent term lasting 20 years from the date of filing, consistent with the practice in other countries.  *Id.*  This

change applied retroactively to "automatically" extend the patent term of a number of already issued patents—including the patent to which both the '616 and '602 patents claim priority, U.S. Pat. No. 5,108,421 ("the '421 patent").  *See id.* at 1380 ("A patent that is in force on June 8, 1995 . . . is automatically entitled to the longer of the 20-year patent term measured from the earliest U.S. effective filing date or 17 years from grant.  ***This is automatic by operation of law***.") (quoting 60 Fed. Reg. 20,195, 20,207 (Apr. 25, 1995)) (emphasis added).

Specifically, the URAA changed the expiration date of the '421 patent from April 28, 2009, to October 1, 2010, as illustrated below:

| '421 PATENT EXPIRATION DATE | |
| --- | --- |
| **Old Law (pre-1995)** <br> *expiration 17 years after issue* | **New Law (1995 and after)** <br> *expiration 20 years after filing* |
| Issue date (Apr. 28, 1992) <br> + 17 years = <br> April 28, 2009 | Filing date (Oct. 1, 1990) <br> + 20 years = <br> October 1, 2010 |

The automatic change in the expiration date for the '421 patent had the simultaneous effect of changing the expiration dates of other patents—including the '616 and '602 patents—that are related to the '421 patent and whose terms are limited to that of the '421 patent.  *See, e.g.*, Eiseman Decl., Ex. F (excerpt from '602 patent file history disclaiming any term "which would extend beyond the expiration date of the full statutory term of U.S. Patent No. 5,108,421 granted April 28, 1992").  In other words, by automatically extending the expiration date of the '421 patent, the URAA "also changed simultaneously" the expiration dates of all other patents tied to the expiration of that patent.  *Bayer*, 299 F.3d at 1382-83.  Thus, the '616 and '602 patents, like the '421 patent, will expire on October 1, 2010.  It is ACI, not St. Jude, that fails to understand the relevant patent facts.

Because the median time-to-trial for civil cases is indisputably shorter in this district than in the Northern District of California—especially for jury cases such as this one—the

transfer requested by ACI would significantly prejudice St. Jude's ability to obtain an injunction with respect to the '616 patent, the '602 patent, and others of the patents-in-suit that are set to expire in 2010.[1]  Although ACI's reply questions the relative speed of this district, the only case it cites as support (*E-Bay, Inc. v. IDT Corp*., Civ. No. 08-cv-4015) has a trial date set for just ***less than fourteen months after the scheduling conference*** in that case.  Applying a similar schedule to this case would almost certainly result in a trial concluding before October 2010, and thus would make it possible for the parties to reach the merits of St. Jude's injunctive relief claims for all of the patents-in-suit.  That is unlikely to happen in the Northern District of California.

### 2.     ACI Does Not Contest That One Of Its Arkansas Sales Representatives Is Responsible For The Recent "Switch To The Mynx" In Springdale, Arkansas

ACI does not contest the evidence presented in St. Jude's opposition that ACI has already made nearly one million dollars in sales of accused product in Arkansas through its multiple sales representatives located in and around Arkansas.  *See* Opp. at 1, 6-7.  Indeed, ACI admits in the new declarations submitted with its reply that:

- In early 2008, ACI's sales representative Jeffrey Hall introduced the Mynx to the Northwest Medical Center of Springdale, resulting in a "switch to the Mynx" product in an area where St. Jude's Angio-Seal products were still being sold.[2]  Hall Decl. ¶¶ 3-5.

- In September 2008, ACI's sales representative Tracy Matlock began covering a sales territory that includes northwest Arkansas.  Matlock Decl. ¶¶ 4, 6.

- Ms. Matlock has visited northwest Arkansas on business for ACI and is compensated for sales of the Mynx product in that region.  *Id.* ¶¶ 5-6.

---

[1] The parties appear to agree that at least one of the patents-in-suit expires in 2010: the '498 patent.  *See* Opp. at 3.

[2] In its reply, ACI persists in alleging that none of the patents-in-suit covers the Angio-Seal product.  Reply at 2.  This point is unsupported by ACI's evidence and is irrelevant to the issue of transfer in any event.

ACI nevertheless argues that the facts set forth in its new declarations are "contrary to the declaration of [St. Jude employee] Tim Marshal," excitedly concluding that St. Jude's arguments based on Mr. Marshal's testimony are "simply false." Reply at 3. In fact, the supposed conflict in testimony to which ACI points is illusory; in short, it's a name game. The only aspect of the Marshal Declaration that ACI claims is "false" is the name of the ACI representative who was traveling and making sales in northwest Arkansas in 2008—ACI claims this individual was Mr. Hall, not Ms. Matlock. But of course, those facts are peculiarly within ACI's knowledge; despite reasonable inquiry, St. Jude does not know ACI's personnel and their activities as well as ACI does. Accordingly, Mr. Marshal stated in his declaration was that he **believe[d]** that the relevant individual was "named Tracy Matlock." Marshal Decl. ¶¶ 4, 6 (emphasis added).

ACI's reply demonstrates that Mr. Marshal's belief was reasonable, given that Ms. Matlock has now served as ACI's northwest Arkansas sales representative for the last several months. More importantly, the ***name*** of the ACI representative who made sales in Arkansas at particular times is, of course, completely irrelevant to the issue of whether ACI will suffer substantial inconvenience defending itself in a judicial district where its representatives are so active in promoting infringing sales. The evidentiary record demonstrates that ACI's infringing sales and employee activity in this district are significant. On this critical point, St. Jude's allegations stand unrebutted.

### 3.      Conclusion

ACI will suffer no undue inconvenience in defending this patent suit in a district where it employs multiple sales representatives and has made substantial infringing sales to St. Jude's detriment. On the other hand, a transfer to California would seriously prejudice St. Jude's substantive rights to injunctive relief by effectively permitting ACI to run out the clock on all but one of the patents-in-suit. ACI's motion to transfer should therefore be denied.

Dated:  January 21, 2009

Respectfully submitted,

/s/ David C. McPhie
David C. McPhie

Morgan Chu (*pro hac vice*)
    (mchu@irell.com)
Jonathan Steinberg (*pro hac vice*)
    (jsteinberg@irell.com)
Andrei Iancu (*pro hac vice*)
    (aiancu@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

David C. McPhie (*pro hac vice*)
    (dmcphie@irell.com)
IRELL & MANELLA LLP
840 Newport Center Dr., Suite 400
Newport Beach, CA  92660
(949) 760-0991
(949) 760-5200 (facsimile)

Nicholas H. Patton
PATTON, TIDWELL & SCHROEDER, LLP
P.O. Box 5398
Texarkana, TX  75505-5398
(903) 792-7080
(903) 792-8233 (facsimile)

ATTORNEYS FOR PLAINTIFFS
ST. JUDE MEDICAL INC. AND ST.
JUDE MEDICAL PUERTO RICO LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

> James N. Haltom
> Darby V. Doan
> HALTOM & DOAN
> 6500 N. Summerhill Road
> Suite 100
> Texarkana, TX  75503

I further certify that I have mailed the foregoing document by overnight courier to the following non-CM/ECF participants:

> John B. Quinn
> Charles K. Verhoeven
> David Eiseman
> David T. Pollock
> QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
> 50 California Street, 22nd Floor
> San Francisco, California 94111

*/s/ David C. McPhie*
_____
