IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


ST. JUDE MEDICAL, INC. and
ST. JUDE MEDICAL PUERTO RICO LLC                                              PLAINTIFFS


VS.                                    CASE NO. 08-CV-4101


ACCESS CLOSURE, INC.                                                           DEFENDANT


## ORDER

This patent suit was filed on October 22, 2008, in the Texarkana Division of this Court by Plaintiffs St. Jude Medical, Inc. and St. Jude Medical Puerto Rico LLC (referred to collectively as "St. Jude"). St. Jude asserts five claims for patent infringement directed against ACI's Mynx™ device.[1] On December 18, 2008, Defendant Access Closure, Inc., ("ACI") filed a Motion to Change Venue. (Doc. 15). St. Jude filed a response in opposition to the Motion to Change Venue. (Doc. 18). ACI replied to St. Jude's response. (Doc. 21). St. Jude filed a Sur-Reply to ACI's reply. (Doc. 22). The Court finds this matter ripe for consideration.

Pursuant to 28 U.S.C. section 1404(a), the Court may transfer this civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. Under section 1404(a), transfer of venue is proper if the moving party demonstrates the following factors: (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) transfer is for the convenience of the parties and witnesses and in the

---

[1]The Mynx™ is a vascular closure device designed to seal the wound created when a patient undergoes an endovascular diagnostic or interventional procedure, such as angioplasty or coronary stenting.

interests of justice. *See Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 735-37 (8th Cir. 1997). Determining whether an action should be transferred requires "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc.v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). In balancing the convenience to the witnesses and parties, courts typically consider the convenience to the witnesses, the convenience of the parties, the accessibility and location of sources of proof, the location of the conduct giving rise to the litigation, and the applicability of each forum state's substantive law.[2] *Id.* "The party seeking a transfer under 28 U.S.C. § 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.* at 695.

Here, ACI asks the Court to transfer this case to the Northern District of California, which they argue is a more convenient forum. There is no dispute that venue is proper in the transferor and transferee courts.[3] Thus, the Court will now weigh a number of factors specific to this case.

Several of St. Jude's patents-in-suit face imminent expiration dates; at least four of the patents will expire in 2010. The median time-to-trial in jury cases in the Northern District of California is double that of the Western District of Arkansas. Because of Northern California's lengthier median time-to-trial and the imminent expiration dates of several of St. Jude's patents, a transfer to the Northern District of California venue could possibly preclude St. Jude's ability to

---

[2]The factor regarding conflict of laws is inapplicable here because the allegations in the claims and counterclaims all involve federal law.

[3]A civil action for patent infringement may be brought in the judicial district where the defendant resides or any district where the defendant is alleged to have committed acts of infringement. 28 U.S.C. § 1400(b). For the purposes of venue, a corporation resides in any district in which it was subject to personal jurisdiction at the time the action was filed. 28 U.S.C. § 1391(c). ACI admits that venue is proper in this Court; however, ACI points out that, because ACI maintains its headquarters and manufacturing facilities in the Northern District of California, it is also an appropriate venue for this action.

enjoin ACI from any potential infringing activity. Moreover, St. Jude chose to file its suit in this district, and the Eighth Circuit has noted that federal courts generally give considerable deference to the plaintiff's choice of forum. *See Terra*, 119 F.3d at 695.

Although ACI asserts that the conduct complained of in this case is primarily localized in the Northern District of California, where the accused infringing device is manufactured, it does not deny that it sells its products in the Western District of Arkansas. In fact, ACI has sold numerous products in Arkansas collectively valued at over half a million dollars. Thus, a meaningful connection exists between this action and the Western District of Arkansas. Further, St. Jude has not convinced the Court that the comparative cost of trial definitively favors the Northern District of California. There is evidence that the cost of trial could actually be cheaper in the Western District of Arkansas.

While ACI asserts that many of its potential witnesses reside in the Northern District of California, it also states that it knows of many other witnesses who do not reside in that district. Neither ACI nor St. Jude have identified any potential witnesses for St. Jude that live in the Northern District of California. Moreover, St. Jude has listed some potential witnesses that reside in Arkansas. Given the conveniences of modern day travel, the Court is not convinced that the fact that some of ACI's potential witnesses live in the Northern District of California is a strong factor in favor of a transfer of venue in this case. Likewise, modern technology has lessened the inconvenience of accessing documents and other sources of proof that are located in the Northern District of California, where the accused infringing device is manufactured.

The Court has considered all arguments presented regarding the transfer of this case and finds that ACI has not met its burden of proving that a transfer is warranted in this case. The Court is not convinced that justice would be better served in the Northern District of California. Further,

3

considering all the factors in totality, the Court does not find that the convenience of the parties and witnesses dictates a transfer of this case to another venue. Therefore, ACI's Motion to Change Venue is **DENIED**.

    **IT IS SO ORDERED**, this 1st day of May, 2009.


                                              /s/ Harry F. Barnes  
                                              Hon. Harry F. Barnes  
                                              United States District Judge