IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS,

TEXARKANA DIVISION

| | | |
|---|---|---|
| ST. JUDE MEDICAL, INC., a Minnesota Corporation, and ST. JUDE MEDICAL PUERTO RICO, LLC, a Puerto Rico Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>ACCESS CLOSURE, INC., a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:08-cv-04101-HFB<br><br><br>**JOINT CONFERENCE REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rules 16.1 and 26.1, and the Court's Notice of Scheduling Conference, Plaintiffs St. Jude Medical, Inc. and St. Jude Medical Puerto Rico, LLC ("Plaintiffs" or "St. Jude") and Defendant AccessClosure, Inc. ("Defendant" or "ACI") hereby submit this Joint Conference Report for consideration by the Court.

**(1)     A factual and legal description of the case which also sets forth the elements of each cause of action and each defense**

St. Jude's Position

This is a patent infringement case involving what is known as "vascular closure" technology relating to medical catheterization procedures.  St. Jude is one of the world's leading providers of medical technology, and the pioneer and leader in the vascular closure device field.  St. Jude owns the five patents-in-suit:  U.S. Patent Nos. 5,716,375, 5,275,616, 5,601,602, 5,725,498, and 7,008,439 (collectively, the "patents-in-suit").

St. Jude alleges that ACI has infringed, contributed to the infringement by others and has induced others to infringe the claims of the patents-in-suit. St. Jude alleges that ACI has done so by, among other things, making, using, providing, selling, and offering to sell vascular closure devices covered by claims of the patents-in-suit, including for example the Mynx™ vascular closure device. St. Jude further alleges that ACI's infringement has been and is willful. St. Jude is seeking damages for infringement, increased damages for willful infringement, a permanent injunction, and attorneys' fees and costs.

ACI's Position

ACI is a privately held medical device company located in Mountain View, California. Since receiving FDA approval in May 2007, ACI has marketed and sold its innovative Mynx™ vascular closure device. The Mynx™ is a device that is designed to seal the wound created when a patient undergoes an endovascular diagnostic or interventional procedure, such as angioplasty or coronary stenting.

ACI denies that it infringes, whether directly or indirectly, any of the claims of the patents-in-suit through its making, using, offering to sell or selling the Mynx™. Moreover, ACI alleges that the patents-in-suit are invalid for failure to meet the conditions for patentability under 35 U.S.C. §§ 101, 102, 103 and 112 and obviousness-type double patenting. ACI further alleges that the patents-in-suit are unenforceable due to unclean hands and inequitable conduct.

ACI asserts counterclaims against St. Jude for non-infringement, invalidity and unenforceability. With respect to its counterclaims, ACI seeks attorneys' fees and costs.

**(2)      The date the Rule 26(f) conference was held, the names of those persons who were in attendance, and the parties they represent**

The Rule 26(f) conference was held on July 10, 2009.

The following persons attended for Plaintiffs:

Robert W. Schroeder III
Geoffrey P. Culbertson
**PATTON, TIDWELL & SCHROEDER, L.L.P.**
P.O. Box 5398
Texarkana, TX  75505-5398
Telephone:     (903) 792-7080
Facsimile:     (903) 792-8233

Andrei Iancu
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Telephone:     (310) 277-1010
Facsimile:     (310) 203-7199

David C. McPhie
Laura E. Evans
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660
Telephone:     (949) 760-0991
Facsimile:     (949) 760-5200

The following persons attended for Defendant:

James N. Haltom
J. Scott Andrews
**HALTOM & DOAN**
6500 Summerhill Road, Suite 100
Texarkana, TX  75503
Telephone:     (903) 255-1000
Facsimile:     (903) 255-0800

David Eiseman
Cathleen Garrigan
**QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP**
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

David T. Pollock
**QUINN EMANUEL URQUHART**
**OLIVER & HEDGES, LLP**
555 Twin Dolphin Drive
Redwood Shores, CA 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

**(3)     A list of any cases that are related to this case and that are pending in any state or federal court with the respective case number and court**

The parties are not aware of any cases formally related to this case.

**(4)     The expected length of trial**

St. Jude's Position

St. Jude believes trial will take five court days (excluding jury selection, opening statement and closing argument).

ACI's Position

ACI believes the trial will take eight court days (excluding jury selection, opening statement and closing argument).

**(5)     Whether the parties jointly agree to trial before a magistrate judge**

The parties do not agree to trial before a magistrate judge.

**(6)     Whether a jury demand has been made**

The parties have demanded a jury trial.

**(7)     Proposed modification of the deadlines in the Proposed Docket Control Order**

St. Jude's Position

Historically, this district has had one of the shortest times to trial for civil cases in the nation. For example, the 2008 Annual Report of the Director of Judicial Business of the United States Courts reports that the median time interval from filing to a jury trial for civil cases in this district was 12.5 months. Patent cases should not take much longer to resolve than other civil matters. The complaint in this case was filed on October 22, 2008 and was served shortly thereafter. St. Jude's proposed schedule, outlined below, places trial in May 2010 – approximately 19 months after filing.

Resolving this case in a timely manner is particularly important, given the October 2010 expiration date of some of the patents-in-suit. As the Court has already observed, any schedule providing for trial after that date (as ACI wrongly suggests is mandated by the "example" docket control worksheet) "could possibly preclude St. Jude's ability to enjoin ACI from any potential infringing activity." May 1, 2009 Order at 2-3 (Dkt. No. 23).

ACI's Position

ACI believes there is no reason to depart from the deadlines outlined in the Court's proposed Docket Control Order attached as Appendix A to the Court's May 26, 2009 Notice of Scheduling Conference and Proposed Deadlines for Docket Control Order Containing Discovery Order. Although the case has been pending since October 2008, the parties are only just beginning discovery and the claim construction disclosure process. St. Jude has asserted five patents against ACI. Those patents were previously owned by entities other than St. Jude and have been litigated in several prior cases, requiring substantial third party discovery regarding the alleged invention, prosecution and ownership of the patents-in-suit as well as third party discovery regarding the proceedings in the prior cases.

The schedule outlined in the Court's proposed Docket Control Order is a realistic one that will permit the Court and parties to resolve this case in an orderly fashion. In contrast, St. Jude's proposed schedule, which cuts the length of the Court's proposed schedule by nearly 50%, is not practical and will almost assuredly require extensions of multiple deadlines in the future. In addition, St. Jude's claim that it will be prejudiced if the Court adopts the schedule in its proposed Docket Control Order due to the imminent expiration of certain of the patents-in-suit is without merit given that St. Jude did not file this case until 17 months after ACI started selling the Mynx™.

| Step | Action | Rule | Court Example Deadline | St. Jude Proposed Deadline | ACI Proposed Deadline |
|------|--------|------|------------------------|----------------------------|------------------------|
| 1 | Initial Case Management Conference | Fed. R. Civ. P. 26(f), P.R. 2-1 | Already scheduled by court | Rule 26(f) Conference was held on July 10, 2009; Conference with Court scheduled for August 14, 2009 | Rule 26(f) Conference was held on July 10, 2009; Conference with Court scheduled for August 14, 2009 |
| 2 | Patentee serves Disclosure of Asserted Claims and Preliminary Infringement Contentions | P.R. 3-1 | At or within 14 days of initial management conference | August 4, 2009 | August 4, 2009 |
| 3 | Document Production Accompanying Disclosure | P.R. 3-2 | No later than 10 days before the initial management conference | August 4, 2009 | August 4, 2009 |
| 4 | Initial Disclosures | Fed. R. Civ. P. 26(a)(1) | Same as above | August 14, 2009 | August 14, 2009 |
| 5 | Accused Infringer serves Preliminary Invalidity Contentions | P.R. 3-3 | Not later than 45 days after patentee serves preliminary infringement contentions | September 8, 2009 | September 18, 2009 |
| 6 | Document Production Accompanying Invalidity Contentions | P.R. 3-4 | Same as 5 | September 8, 2009 | September 18, 2009 |
| 7 | Exchange of Proposed Terms and Claim Elements for Construction | P.R. 4-1(a) | Not later than 10 days after accused infringer serves preliminary invalidity contentions | September 15, 2009 | September 28, 2009 |

| Step | Action | Rule | Court Example Deadline | St. Jude Proposed Deadline | ACI Proposed Deadline |
|---|---|---|---|---|---|
| 8 | Patentee limits number of asserted claims, and informs accused infringer and Court | | After 7 but before 9 | September 17, 2009 | October 5, 2009 |
| 9 | Meet and Confer to Discuss list of Proposed Terms and Claim Elements for Construction | P.R. 4-1(b) | After 8 but before 11 | September 18, 2009 | October 12, 2009 |
| 10 | Deadline for Early Mediation at the Parties Request | | | October 6, 2009 | November 11, 2009 |
| 11 | Exchange of Preliminary Claim Constructions and Extrinsic Evidence | P.R. 4-2 | Not later than 20 days after 7 | September 23, 2009 | October 16, 2009 |
| 12 | Meet and Confer to discuss Preliminary Claim Constructions and Extrinsic Evidence | P.R. 4-2(c) | After 11 but before 13 | September 24, 2009 | October 28, 2009 |
| 13 | File Joint Claim Construction and Prehearing Statement | P.R. 4-3 | Not later than 60 days after 5 | September 28, 2009 | November 17, 2009 |
| 14 | Deadline to join other parties without leave | | Same as 13 | September 28, 2009 | November 17, 2009 |
| 15 | Deadline to file amended pleadings | | *No instruction provided* | September 29, 2009 | November 17, 2009 |
| 16 | Completion of Claim Construction Discovery | P.R. 4-4 | Not later than 30 days after 13 | October 7, 2009 | December 17, 2009 |

| Step | Action | Rule | Court Example Deadline | St. Jude Proposed Deadline | ACI Proposed Deadline |
|---|---|---|---|---|---|
| 17 | Patentee files opening claim construction brief | P.R. 4-5(a) | Not later than 45 days after 13 | October 16, 2009 | December 30, 2009 |
| 18 | Accused Infringer files responsive claim construction brief | P.R. 4-5(b) | Not later than 14 days after 17 | October 30, 2009 | January 13, 2010 |
| 19 | Patentee files reply brief on claim construction | P.R. 4-5(c) | Not later than 7 days after 18 | November 6, 2009 | January 20, 2010 |
| 20 | ONLY WITH LEAVE OF COURT Accused Infringer files sur-reply brief on claim construction | | Not later than 7 days after 19 | Plaintiffs do not believe sur-replies will be necessary | Claim construction is not an issue on which either party bears a burden of proof and, therefore, each party should have the opportunity to respond to its opponent's claim construction positions.  As a result, ACI should be permitted to file a Sur-Reply Claim Construction Brief.  ACI proposes that its Sur-Reply be filed on January 27, 2009. |
| 21 | Parties file Joint Claim Construction Chart | P.R. 4-5(d) | At least 10 days before claim construction hearing | November 10, 2009 | February 7, 2010 |
| 22 | Pre-hearing Conference and technical tutorial | | Day before the claim construction hearing | November 20, 2009 | February 16, 2010 |

| Step | Action | Rule | Court Example Deadline | St. Jude Proposed Deadline | ACI Proposed Deadline |
|---|---|---|---|---|---|
| 23 | Claim Construction Hearing | P.R. 4-6 | At least 2 weeks after 20 | November 20, 2009 | February 17, 2010 |
| 24 | Court's Claim Construction Ruling | | On or about 3 weeks after 23 subject to the court's scheduling and/or use of a technical advisor<br><br>DO NOT PUT IN DATE | About three weeks after the Claim Construction Hearing of November 20, 2009 | About three weeks after the Claim Construction Hearing of February 17, 2010 |
| 25 | Patentee makes Final Infringement Contentions | P.R. 3-6(a) | On or about 30 days after claim construction ruling<br><br>DO NOT PUT IN DATE | 10 days after claim construction ruling | 30 days after the claim construction ruling |
| 26 | Accused Infringer serves Preliminary Unenforceability Contentions | | On or about 40 days after claim construction ruling<br><br>DO NOT PUT IN DATE | 10 days after claim construction ruling | 40 days after claim construction ruling |
| 27 | Accused Infringer makes Document Production Accompanying Preliminary Unenforceability Contentions | | On or about 40 days after claim construction ruling<br><br>DO NOT PUT IN DATE | 10 days after claim construction ruling | 40 days after claim construction ruling |
| 28 | Accused Infringer makes Final Invalidity Contentions | P.R. 3-6(b) | On or about 50 days after claim construction ruling<br><br>DO NOT PUT IN DATE | 15 days after claim construction ruling | 50 days after claim construction ruling |

| Step | Action | Rule | Court Example Deadline | St. Jude Proposed Deadline | ACI Proposed Deadline |
|---|---|---|---|---|---|
| 29 | Accused Infringer makes disclosure relating to willfulness | | On or about 50 days after claim construction ruling<br><br>DO NOT PUT IN DATE | 15 days after claim construction ruling | 50 days after claim construction ruling |
| 30 | Accused Infringer makes Final Unenforceability Contentions | | On or about 60 days after claim construction ruling<br><br>DO NOT PUT IN DATE | 20 days after claim construction ruling | 60 days after claim construction ruling |
| 31 | Deadline for Fact Discovery | | On or about 80 days after claim construction ruling<br><br>DO NOT PUT IN DATE | 25 days after claim construction ruling (approx. January 5, 2010) | 80 days after claim construction ruling |
| 32 | Deadline for disclosure of expert testimony on issues for which a party bears the burden of proof | Fed. R. Civ. P. 26(a)(2) | On or about 90 days after claim construction ruling<br><br>DO NOT PUT IN DATE | 25 days after claim construction ruling | 90 days after claim construction ruling |
| 33 | Deadline for disclosure of rebuttal expert testimony | | On or about 110 days after claim construction ruling<br><br>DO NOT PUT IN DATE | 45 days after claim construction ruling (approx. January 25, 2010) | 110 days after claim construction ruling |
| 34 | Deadline for late mediation at the Parties' request | | *No instruction provided* | March 15, 2010 | November 12, 2010 |
| 35 | Deadline for completion of expert discovery | | 30 days after rebuttal expert testimony | February 15, 2010 | 30 days after rebuttal expert testimony (approx. July 28, 2010) |

| Step | Action | Rule | Court Example Deadline | St. Jude Proposed Deadline | ACI Proposed Deadline |
|------|--------|------|------------------------|----------------------------|-----------------------|
| 36 | Deadline for objections to other parties' expert witnesses | | After 35 | February 19, 2010 | October 6, 2010 |
| 37 | Deadline for filing dispositive motions | | At least 75 days before initial pretrial conference | February 26, 2010 | October 20, 2010 |
| 38 | Deadline for filing *Daubert* motions | | Same as 37 | February 26, 2010 | October 20, 2010 |
| 39 | Deadline for parties to make pretrial disclosure | | At least 30 days before initial pretrial conference | April 14, 2010 | December 3, 2010 |
| 40 | Patentee provides other parties its information for Joint Final Pretrial Order, Proposed Jury Instruction and Verdict Form | | At least 30 days before initial pretrial conference | April 14, 2010 | December 3, 2010 |
| 41 | Defendant and Third parties to Provide to Patentee their information for Joint Final Pretrial Order, Proposed Jury Instruction and Verdict Form | | At least 30 days before initial pretrial conference | April 14, 2010 | December 3, 2010 |

| Step | Action | Rule | Court Example Deadline | St. Jude Proposed Deadline | ACI Proposed Deadline |
|---|---|---|---|---|---|
| 42 | Parties to file Proposed Joint Final Pretrial Order, Proposed Jury Instructions, Joint Verdict Forms and Motions in Limine. Prior to initial pretrial conference, parties shall confer with each other regarding the other party's Motion in Limine, deposition designations, and exhibit and shall submit to the Court in writing any objections they may have to the other party's Motions in Limine, deposition designations, and exhibits. | | At least 2 weeks before initial pretrial conference | April 30, 2010 | December 17, 2010 |
| 43 | Initial Pretrial Conference and hearing on Motions in Limine and objections to deposition designations and exhibits | | TBD | May 14, 2010 | January 3, 2011 |
| 44 | Final Pretrial Conference | | TBD | May 20, 2010 | January 13, 2011 |
| 45 | Jury Selection | | TBD | | January 17, 2011 |
| | Trial | | | May 24, 2010 (or as soon thereafter as the Court is available) | January 17, 2011 (or as soon thereafter as the Court is available) |

**(8)     The need for and modification of the proposed specific limits on discovery relating to claim construction, including deposition of witnesses, including expert witnesses, which are included herein**

The parties believe that there is no need for modification of the proposed specific limits on discovery relating to claim construction.  The hour limit for depositions of fact witnesses per side should apply to all depositions, including those fact witnesses relating to claim construction.

**(9)     The entry of a Protective Order**

The parties will work towards coming to agreement on a proposed protective order.

**(10)    The appointment of a Technical Advisor or Special Master**

St. Jude's Position

St. Jude believes that although it may be helpful to present a technology tutorial in connection with the *Markman* hearing, the appointment of a permanent technical advisor is not necessary in this case.  The technology at issue is a mechanical device that can be easily illustrated rather than an abstract chemical compound, computer code, or like technology that more naturally lends itself to use of a technical advisor.  Requiring use of a technical advisor has the potential to delay resolution of a case where time is of the essence, and it could prove difficult to find an objective technical advisor in an industry where individuals with expertise often have already developed alliances with medical suppliers.  Accordingly, the costs of a technical advisor appear to outweigh the benefits (if any) under the circumstances of this case.

ACI's Position

ACI believes that the appointment of a Technical Advisor or Special Master could be helpful to the Court given the nature of the technology, the number of patents-in-suit and the need to analyze the prior cases in which the patents-in-suit have been litigated.

**(11)    The number of claims being asserted**

St. Jude's Position

St. Jude has asserted more than 90 claims from five patents belonging to two different patent families, where each patent family presents certain distinct issues to be addressed at trial. St. Jude therefore proposes to limit the number of asserted claims in this case to no more than 20

claims total, without any prejudice against future actions with respect to the unasserted claims. This limitation would represent a dramatic reduction in the number of claims at issue.

ACI's Position

Consistent with Step 8 of the Court's proposed Docket Control Order and with the Court's practice in *EBay Inc. v. IDT Corp., et al.*, Case No. 4:08-cv-04015-HFB, ACI proposes to limit the number of asserted claims to no more than 10 claims. A 10 claim limitation reduces the burden on the Court and the parties during claim construction, focuses discovery on the claims at issue, avoids needless infringement, validity and unenforceability analysis and narrows the issues appropriately for trial. No aspect of this case justifies deviation from the Court's general practice.

**(12)   The possibility of early mediation**

The parties have proposed a deadline for early mediation.

**(13)   Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26 (a) [Local Rule 26.1(1)]**

The parties have agreed to serve their mandatory disclosures under Rule 26(a) on August 14, 2009. The parties do not propose any changes to the form or requirements of their mandatory disclosures.

**(14)   Date when mandatory disclosures were or will be made [Local Rule 26.1(2)]**

The parties will make their mandatory disclosures on August 14, 2009.

**(15)   Subjects on which discovery may be needed [Local Rule 26.1(3)]**

St. Jude needs discovery on at least the following subjects:

- Function and operation of ACI's products, including without limitation the Mynx™ and all vascular closure devices and vascular closure device parts;

- Descriptions and technical documents of ACI's products, including without limitation the Mynx™ and all vascular closure devices and vascular closure device parts;

- Communication and other activities relating to ACI's interaction with the U.S. Food and Drug Administration;

- Defendant's commercial and technical activities to determine the extent to which Defendant has infringed, contributed to infringement, or induced infringement of the patents-in-suit;

- Discovery to establish the amount of damages for infringement of the patents-in-suit, including any valuation of Defendant's intellectual property and/or business; and

- Defendant's knowledge of the patents-in-suit, including any opinions of counsel as to the patents-in-suit.

ACI needs discovery on at least the following subjects:

- Conception, reduction to practice and development of the subject matter claimed in the patents-in-suit and related patents.

- The drafting, filing and prosecution of the patents-in-suit and related patents.

- Prior art to the patents-in-suit and the patent owners' and inventors' knowledge of that prior art.

- The previous litigations involving the patents-in-suit and related patents.

- St. Jude's infringement claim.

- ACI's invalidity and unenforceability defenses.

- St. Jude's damages claim.

**(16)   Whether any party will likely be requested to disclose or produce information from electronic or computer based media [Local Rule 26.1(4)]**

Each side will be requesting the other side to produce information from electronic and computer-based media (including e-mail).  The parties will work together on the scope of discovery for electronic information, the format and media for production of electronic information, and the procedure for such production.

**(17)   Date by which discovery should be completed [Local Rule 26.1(5)]**

St. Jude proposes a deadline of January 5, 2010 for the completion of fact discovery and a deadline of February 16, 2010 for the completion of expert discovery.

ACI proposes a deadline of May 28, 2010 for the completion of fact discovery and a deadline of July 28, 2010 for the completion of expert discovery.

**(18)   Any needed changes in limitations imposed by the Federal Rules of Civil Procedure [Local Rule 26.1(6)]**

The parties have no objection to the limit of 100 requests for admission per side as proposed in the Court's Notice of Scheduling Conference (excluding requests for document authentication).

The parties further agree that there will be no limit on the number of requests for production.

The parties propose the following change to the discovery limitations provided in the Federal Rules of Civil Procedure:  30 interrogatories per side, as proposed in the Court's Notice of Scheduling Conference.

St. Jude's Position

St. Jude proposes that the parties follow the proposed limitation regarding depositions set forth in the Court's Notice of Scheduling Conference and limit depositions of fact witnesses to 100 hours.  Increasing the number of deposition hours by more than one-third as suggested by ACI would only further delay and expense in a case where time is of the essence.  Limiting the parties to 100 hours of fact depositions will encourage efficient discovery practices and put focus on the most relevant issues in the case.

St. Jude further proposes that the deposition of each expert witness be limited to a maximum of 7 hours for each topic offered, in order to streamline expert discovery in this case. For example, if an expert will offer an opinion on both infringement and validity, his or her deposition should be limited to a maximum total of 14 hours.

ACI's Position

ACI proposes to modify the hour limitations on depositions set forth in the Court's Notice of Scheduling Conference as follows:  Given the number of patents-in-suit, the need to conduct third party discovery regarding the alleged invention, prosecution and ownership of the patents-in-suit and the need to conduct third party discovery regarding the proceedings in the prior cases in which the patents-in-suit have been litigated, ACI proposes that each party be permitted to conduct 135 hours of depositions of fact witnesses.

ACI further proposes that the deposition of each expert witness be limited to a maximum of 10 hours for each topic offered.  For example, if an expert will offer an opinion on both infringement and validity, his or her deposition should be limited to a maximum total of 20 hours.

**(19)    Any Orders, e.g. protective orders, which should be entered [Local Rule 26.1(7)]**

The parties will work towards coming to agreement on a proposed protective order.

**(20)    Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action [Local Rule 26.1(8)]**

The parties do not have objections to initial disclosures.

**(21)    Any objections to the proposed trial date [Local Rule 26.1(9)]**

A proposed trial date has not yet been set.

St. Jude proposes a trial date of May 24, 2010 or as soon thereafter as the Court is available.

ACI proposes a trial date of January 17, 2011 or as soon thereafter as the Court is available.

**(22)    Proposed deadline for joining other parties and amending the pleadings [Local Rule 26.1(10)]**

St. Jude proposes September 25, 2009 as the deadline for joining other parties and amending the pleadings.

ACI proposes November 17, 2009 as the deadline for joining other parties and amending the pleadings.

**(23)   Proposed deadline for completing discovery [Local Rule 26.1(11)]**

St. Jude proposes a deadline of January 5, 2010 for the completion of fact discovery and a deadline of February 16, 2010 for the completion of expert discovery.

ACI proposes a deadline of May 28, 2010 for the completion of fact discovery and a deadline of July 28, 2010 for the completion of expert discovery.

**(24)   Proposed deadline for filing motions other than motions for class certification [Local Rule 26.1(12)]**

St. Jude proposes February 26, 2010 as the deadline for filing dispositive motions.

ACI proposes October 20, 2010 as the deadline for filing dispositive motions.

**(25)   Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification [Local Rule 26.1(13)]**

Not applicable.

**(26)   Proposed modification of the deadlines provided for in the Patent Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any [P.R. 2-1(a)(1)]**

St. Jude proposes the Claim Construction Hearing occur on November 20, 2009.

ACI proposes the Claim Construction Hearing occur on February 17, 2010.

**(27)   Whether the Court will hear live testimony at the Claim Construction Hearing [P.R. 2-1(a)(2)]**

The parties do not believe that live testimony at the Claim Construction Hearing is necessary.

**(28)   The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses [P.R. 2-1(a)(3)]**

The parties believe that there is no need for modification of the proposed specific limits on discovery relating to claim construction.

**(29)    The order of presentation at the Claim Construction Hearing [P.R. 2-1(a)(4)]**

The parties propose that, during the Claim Construction Hearing, St. Jude and ACI be given an equal amount of time for their respective presentations.  The parties further propose the following order of presentation (on a patent-by-patent basis) at the Claim Construction Hearing:

1.    St. Jude's presentation;

2.    ACI's presentation; and

3.    Reply by St. Jude (if any).

**(30)    The scheduling of a Claim Construction Prehearing Conference to be held after the Joint Claim Construction and Prehearing Statement provided for in P. R. 4-3 has been filed [P.R. 2-1(a)(5)]**

The parties do not believe that a Claim Construction Prehearing Conference is necessary.

**(31)    Whether the court should authorize the filing under seal of any documents containing confidential information [P.R. 2-1(a)(6)]**

The parties propose that the Court adopt the procedures for filing documents under seal provided for in the Eastern District of Texas, L.R. CIV-5(a)(7) in order to streamline the filing of sensitive documents under seal.

**(32)    Page limit for Claim Construction Briefs**

The parties propose that claim construction briefs be limited to the following number of pages:

- Opening Claim Construction Brief (excluding exhibits) – 30 pages

- Responsive Claim Construction Brief (excluding exhibits) – 30 pages

- Reply Claim Construction Brief (excluding exhibits) – 10 pages

- Sur-Reply Claim Construction Brief (excluding exhibits) – 10 pages (if permitted)

**(33)    Electronic Service of Courtesy Copies**

The parties propose that courtesy copies of all pleadings, discovery requests and responses, expert reports, and other exchanges subject to a deadline must be served by electronic mail by midnight Central Time.  Hard copies of documents can be mailed for delivery the next

calendar day, unless the next calendar day is a Saturday, Sunday, or legal holiday, in which case they will be mailed for delivery on the next calendar day that is not a Saturday, Sunday, or legal holiday.  The parties further propose that courtesy copies served in PDF format be word-searchable and that courtesy copies of discovery requests and trial exhibit lists be served in Microsoft Word format in addition to PDF format.


Dated: August 11, 2009                               Respectfully submitted,


                                                     */s/ David C. McPhie*
                                                     David C. McPhie

                                                     Morgan Chu (mchu@irell.com)
                                                     Jonathan Steinberg (jsteinberg@irell.com)
                                                     Andrei Iancu (aiancu@irell.com)
                                                     IRELL & MANELLA LLP
                                                     1800 Avenue of the Stars, Suite 900
                                                     Los Angeles, CA  09967
                                                     (310) 277-1010
                                                     (310) 203-7199 (facsimile)

                                                     David C. McPhie (dmcphie@irell.com)
                                                     IRELL & MANELLA LLP
                                                     840 Newport Center Drive, Suite 400
                                                     Newport Beach, CA  92660
                                                     (949) 760-0991
                                                     (949) 760-5200 (facsimile)

                                                     Nicholas H. Patton
                                                     (nickpatton@texarkanalaw.com)
                                                     PATTON, TIDWELL & SCHROEDER, LLP
                                                     P.O. Box 5398
                                                     Texarkana, TX 75505-5398
                                                     (903) 792-7080
                                                     (903) 792-8233 (facsimile)

                                                     **ATTORNEYS FOR PLAINTIFFS
                                                     ST. JUDE MEDICAL, INC. and
                                                     ST. JUDE MEDICAL PUERTO RICO
                                                     LLC**

_/s/ David Eiseman (by permission)_
David Eiseman

Charles Verhoeven
California Bar No. 170151
David Eiseman
California Bar No. 114758
Cathleen Garrigan
California Bar No. 254300
QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415.875.6600 (Telephone)
415.875.6700 (Facsimile)

David Pollock
California Bar No. 217546
QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5000 (Telephone)
650.801.5100 (Facsimile)
davidpollock@quinnemanuel.com

James N. Haltom
Arkansas Bar No. 2005011
Darby V. Doan
Arkansas Bar No. 96064
J. Scott Andrews
Arkansas Bar No. 24064823
Haltom & Doan
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
(903) 255-1000 (Telephone)
(903) 255-0800 (Facsimile)
jhaltom@haltomdoan.com
ddoan@haltomdoan.com
sandrews@haltomdoan.com

OF COUNSEL:

John B. Quinn
QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP

- 21 -

50 California Street, 22nd Floor
San Francisco, California  94111
415.875.6600 (Telephone)
415.875.6700 (Facsimile)

**ATTORNEYS FOR DEFENDANT
ACCESSCLOSURE, INC.**