IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

TEXARKANA DIVISION

| | |
|---|---|
| ST. JUDE MEDICAL, INC. and ST. JUDE MEDICAL PUERTO RICO LLC,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ACCESS CLOSURE, INC.,<br><br>    Defendant. | **CASE NO. 08-CV-4101 (HFB)** |

**BRIEF IN SUPPORT OF DEFENDANT ACCESSCLOSURE, INC.'S MOTION FOR A CONTINUANCE OF THE TECHNICAL TUTORIAL AND CLAIMS CONSTRUCTION HEARING**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 7.5, Defendant AccessClosure, Inc. ("ACI") seeks a short continuance of the technical tutorial and claims construction hearing in this matter. Currently the proceedings are scheduled for January 19, 2010 and January 20, 2010, respectively. The undersigned is lead counsel for ACI and lead counsel for Google in *Function Media v. Google*, a case pending in the United States District Court for the Eastern District of Texas, Case No. 2:07-cv-279 (CE). In *Function Media*, the Court recently rescheduled the start of the trial from November 2, 2009 to January 19, 2010. It will be impossible for undersigned counsel to conduct both a trial and claim construction hearing on the same day, where trial will take place in Marshall, Texas and the claim construction hearing will be in Texarkana, Arkansas. Accordingly, ACI requests that the claim construction hearing in the present case be rescheduled to occur any day or days of the week of February 15, 2009.

A short continuance of the claims construction hearing will not affect the trial date in this matter, which is set for October 18, 2010, and will not prejudice the plaintiffs. ACI has asked plaintiffs to voluntarily agree to reschedule the claims construction hearing to a mutually convenient date, but plaintiffs have refused.

I.     STATEMENT OF FACTS

On August 28, 2009, this Court issued its Docket Control Order, scheduling the technical tutorial on January 19, 2010, and the claim construction hearing the following day. (Docket Item 38.) The undersigned counsel was selected by ACI to conduct both the technical tutorial and the claim construction hearing in this matter. At the time the Court issued its Docket Control Order, counsel did not have a conflicting court appearance on either January 19th or 20th.

The undersigned is lead counsel for Google in the case of *Function Media, L.L.C. v. Google, Inc.*, which is currently pending in the Eastern District of Texas. Trial in that matter was

originally scheduled for November 2, 2009. (Verhoeven Decl., Ex. A.) On October 23, 2009, the *Function Media* court *sua sponte* rescheduled the trial to begin on January 19, 2010.[1] (Verhoeven Decl., Ex. B.) The *Function Media* trial is now scheduled on the same days as the technical tutorial and claim construction hearing in this matter.

On or around Monday, November 2, 2009, ACI first contacted St. Jude regarding the scheduling conflict. (Eiseman Decl., Paragraph 2.) On November 5th, counsel for St. Jude and ACI discussed the scheduling conflict and ACI requested that St. Jude agree to a short continuance to a date when the parties are mutually available. (Eiseman Decl., Paragraph 3.) ACI offered the week of February 15, 2010 as a possibility. (Id.) On November 9th, St. Jude stated it would not agree to a continuance. (Eiseman Decl., Paragraph 4.) ACI repeated its request via telephone and email, but on November 16th and 17th, St. Jude repeatedly refused. (Eiseman Decl., Paragraph 5.)

## II.     ARGUMENT

The Court has discretion to modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(3)(B)(iv); Local Rule 7.5(a). Good cause is shown where a schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note (1983). Good cause exists in the present situation because ACI's counsel cannot conduct both a trial and claim construction hearing on the same day. Additionally, a short continuance of the claim construction hearing will not prejudice St. Jude.

### A.     <u>Good Cause Exists for Granting ACI's Motion for a Continuance.</u>

ACI specifically selected the undersigned to conduct the technical tutorial and claim construction hearing in this matter. As is well known, "[t]he construction of patent claims is

---

[1] Jury selection for the *Function Media* trial is set for January 4, 2010.

pivotal to infringement actions." *Manual for Complex Litigation* (Fourth) § 33.22 (2004). Not only is claim construction a critical point in the case, but it is particularly complex in this action. The claim construction hearing in this matter will involve over thirty terms in five patents and two separate patent families. A change in ACI's claim construction counsel at this juncture would be detrimental to its case.

Because rescheduling a two-week jury trial is particularly difficult, ACI requests a continuance of the technical tutorial and claim construction hearing in this matter. The undersigned is available the week of February 15, 2010 and has submitted a calendar of his scheduled court appearances for February, March and April. (Verhoeven Decl., Ex. D.) Additionally, ACI would be able to conduct the claim construction hearing in either El Dorado or Texarkana, whichever is more convenient for the Court.

### B. St. Jude will not be Prejudiced by a Short Continuance of the Claim Construction Hearing.

In response to ACI's request for a short continuance, St. Jude set forth two bases for its refusal to agree. St. Jude first asserts that a continuance will result in its loss of injunctive rights. Secondly, St. Jude states that it cannot agree to a continuance because it would shorten the time period between the claim construction hearing and the trial in this matter. Neither basis is well-taken.

#### 1. St. Jude will not lose injunctive rights if a continuance is granted.

As an initial matter, ACI is not requesting the Court to continue the trial in this matter. Rather, ACI is requesting that the Court continue the technical tutorial and claim construction hearing. Continuing the claim construction hearing does not affect the trial date, and therefore has no impact on any injunctive rights St. Jude may have.

Moreover, even if the trial in this matter were continued (which ACI is not requesting), there would be minimal, if any, impact on St. Jude's injunctive rights. St. Jude is asserting five patents in this matter. According to St. Jude, the patents-in-suit expire on the following dates:[2]

| U.S. Patent No. 5,275,616 | October 1, 2010 |
| U.S. Patent No. 5,601,602 | October 1, 2010 |
| U.S. Patent No. 5,716,375 | October 1, 2010 |
| U.S. Patent No. 5,275,498 | December 27, 2010 |
| U.S. Patent No. 7,008,439 | March 7, 2023 |

Trial in this matter is scheduled for October 18, 2010. (Docket Item 38 at 5.) Three of St. Jude's patents expire, at the latest, on October 1, 2010, seventeen days <u>before</u> jury selection commences in this case. Delaying the trial date would have no effect on these patents. A fourth, the '498 patent, expires on December 27, 2010, about two months after the scheduled trial. Although it is theoretically possible to enter an injunction immediately after a jury returns its verdict, realistically, entry of an injunction will occur, if at all, upon opposed motion following the jury verdict and likely after consideration of all post-trial motions, which typically takes a few months. With respect to the remaining '439 patent, St. Jude asserts that the expiration date is March 7, 2023—<u>over twelve years after</u> trial in this matter. The impact of a short continuance on any injunction stemming from the '439 patent, also, would be insignificant.

### 2. Shortening the time period between the claim construction hearing and trial will not prejudice St. Jude.

---

[2] ACI disputes four of the five expiration dates. Indeed, the '616 Fowler patent explicitly states in a Certificate of Correction that it expired on April 28, 2009. For purposes of this motion, ACI will use the patent expiration dates set forth by St. Jude. ACI, however, maintains its previously-asserted positions with respect to the patents' expiration dates.

St. Jude also states that it cannot agree to a continuance of the technical tutorial and claim construction hearing because of the limited time period between the those proceedings and the trial in this matter. Yet, ACI is only requesting a short continuance of the claim construction hearing. In the parties' Rule 26(f) Joint Conference Report, St. Jude initially proposed a 185-day period between the claim construction hearing and trial. (Docket Item 31 at 9, 12.)

The short extension ACI is requesting, in contrast, would result in a 245-day period between the hearing and trial. This time frame is significantly longer than the schedule initially requested by St. Jude.

For the above reasons, St. Jude will not be prejudiced by a short continuance of the technical tutorial and claim construction hearing.

### III.  CONCLUSION

ACI is requesting a short continuance due to a scheduling conflict of the counsel selected by ACI to represent its interests at the claim construction hearing in this matter. Because claim construction is pivotal and it is particularly complex in this case, ACI's request for a continuance in order to have its selected counsel present at the hearing meets the good cause standard. Additionally, St. Jude will not be prejudiced by a short continuance of the claim construction hearing. For these reasons, ACI requests that the Court grant this motion.

Dated:  November 24, 2009                    Respectfully submitted,

_____/s/ Charles Verhoeven_____
Charles Verhoeven
David Eiseman
Matthew Cannon
Cathleen Garrigan
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

650.801.5000 (Telephone)
650.801.5100 (Facsimile)
charlesverhoeven@quinnemanuel.com
davideiseman@quinnemanuel.com
cathleengarrigan@quinnemanuel.com

David Pollock
QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650.801.5000 (Telephone)
650.801.5100 (Facsimile)
davidpollock@quinnemanuel.com


James N. Haltom
Darby V. Doan
J. Scott Andrews
Haltom & Doan
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
(903) 255-1000 (Telephone)
(903) 255-0800 (Facsimile)
jhaltom@haltomdoan.com
ddoan@haltomdoan.com
sandrews@haltomdoan.com


OF COUNSEL:

John B. Quinn
QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
415.875.6600 (Telephone)
415.875.6700 (Facsimile)

**ATTORNEYS FOR DEFENDANT ACCESSCLOSURE, INC.**

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.2.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 24th day of November, 2009.

                 /s/     Charles K. Verhoeven
                Charles K. Verhoeven