IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| ST. JUDE MEDICAL, INC., a Minnesota Corporation, and ST. JUDE MEDICAL PUERTO RICO, LLC, a Puerto Rico Limited Liability Company,<br>　　　　　Plaintiffs,<br>　　vs.<br><br>ACCESS CLOSURE, INC., a Delaware Corporation,<br>　　　　　Defendant. | Case No. 4:08-cv-04101-HFB |

**PLAINTIFFS ST. JUDE MEDICAL, INC. AND ST. JUDE MEDICAL PUERTO RICO, LLC'S OPPOSITION TO DEFENDANT ACCESSCLOSURE, INC.'S MOTION FOR A CONTINUANCE OF THE TECHNICAL TUTORIAL AND CLAIM CONSTRUCTION HEARING**

**I.      INTRODUCTION**

Defendant AccessClosure, Inc.'s ("ACI") request to postpone the claim construction hearing will most likely result in a delay of the trial date.  ACI's argument to the contrary is unsupported and unrealistic.  A host of deadlines in the case, including the close of fact and expert discovery, are triggered by the Court's claim construction ruling.  If the claim construction hearing is delayed, the Court's ruling will necessarily be delayed, as will the various deadlines that key off that ruling.  The remaining deadlines will need to be postponed in a cascading fashion, most likely resulting in a continuance of the trial date.

While Plaintiffs St. Jude Medical, Inc. and St. Jude Medical Puerto Rico, LLC (collectively, "St. Jude") has accommodated requests from ACI to extend various deadlines in the past, and will certainly do so again in the future when appropriate, St. Jude cannot agree to delays that may impact the trial schedule any further.  As it is, trial is scheduled to take place in October 2010, two full years after the filing of the complaint.  Dkt. No. 38.  Three of St. Jude's patents will expire shortly before trial as currently scheduled.  There is no reason to force a fourth patent to expire before trial as well.  The Court has already observed that a delay of the trial in this matter could prejudice St. Jude's patent rights.  Dkt. No. 23, at 2-3.  ACI's arguments to the contrary notwithstanding, forcing a fourth patent to expire before trial is a material abrogation of St. Jude's substantive property rights and should be avoided.  Scheduling changes that could further impact the current trial date should not be countenanced at this time.

In any event, ACI has not shown good cause for its request for an extension, nor can it.  This Court issued its Docket Control Order setting the claim construction tutorial and hearing dates back on August 28, 2009 (Dkt. No. 38).  The Court provided counsel with the opportunity to raise any scheduling conflicts at that time:  "[i]f you have heartburn with it, I've got to be alerted.  And what I would do is give you until next Friday, August 21st to look over that and see what, if any, changes you want to make.  I'll consider them."  Dkt. No. 57, at 6.  ACI did not raise any such concerns at that time, nor in the subsequent months.

ACI now seeks to continue the claim construction tutorial and hearing for a month[1] because one of its attorneys has apparently developed a scheduling conflict in another court. Charles Verhoeven at Quinn Emanuel Urquhart Oliver & Hedges apparently represents both Google in the *Function Media* case and ACI in the present case. ACI's conflict arose, however, after this Court had already set, and ACI had agreed to, the claim construction hearing date. During recent scheduling activities in the *Function Media* matter, the record does not indicate, and ACI does not assert, that its counsel made any effort to alert the other court of ACI's prior commitments to this Court. Regardless, the alleged scheduling conflict affects only one of ACI's many lawyers. ACI has a number of other attorneys who have been actively involved with the claim construction process and who are more than capable of handling the claim construction tutorial and hearing.

ACI's request for a continuance should be denied. The claim construction tutorial and hearing should proceed on the existing schedule.

**II.    ARGUMENT**

**A.    Delaying the Claim Construction Hearing Will Likely Delay the Trial Date**

ACI's argument that a delay in the claim construction process will not affect the rest of the schedule is unrealistic. Delaying the hearing will necessarily delay all dates triggered by the claim construction ruling. All remaining dates will likewise be affected. Dispositive motions, for example, are due July 16, 2010. Dkt. No. 38 (Step 37). Expert discovery does not close until one hundred and forty (140) days after the Court issues its claim construction ruling. *Id.* (Step 35). This leaves the Court just thirty-seven (37) days from the January 20, 2010 claim construction hearing to issue a claim construction order and still allow dispositive motions to be filed after the close of expert discovery, and this does not even include time for drafting the dispositive motions. A one month delay in the hearing will necessarily delay the close of expert discovery, making it very difficult for the parties to proceed with dispositive motions as scheduled. And if dispositive motion dates are postponed, all subsequent dates, including trial, are also likely to be postponed.

---

[1] St. Jude is unaware whether the Court's schedule can even accommodate ACI's new proposed hearing date.

Although the Court could theoretically expedite its own claim construction ruling, ACI has insisted on the construction of *over forty* terms and phrases, including such straightforward words as "adjacent" and "device." *See* Dkt. No. 47. Instead of working towards simplifying and expediting the claim construction process, ACI has consistently delayed and complicated it. Given the number of disputes ACI is attempting to introduce at claim construction, further compressing an already tight schedule is simply not realistic.

### B. Delay Will Prejudice St. Jude

Any delay in obtaining a judgment will further limit St. Jude's ability to obtain injunctive relief for ACI's infringing activity. As the Court has previously stated: "[s]everal of St. Jude's patents-in-suit face imminent expiration dates; at least four of the patents will expire in 2010." Dkt. No. 23, at 2. The expiration of these four St. Jude patents will prejudice St. Jude by "possibly preclud[ing] St. Jude's ability to enjoin ACI from any potential infringing activity." *Id.*, at 2-3.

ACI improperly minimizes the potential impact of further delays on St. Jude's rights. St. Jude brought this action in October 2008, *two years* before the earliest expiration date of its patents. Dkt. No. 1. ACI then brought an unsuccessful motion to change venue that delayed the setting of a trial date by over six months. *See* Dkt. Nos. 15, 23. In scheduling the trial, ACI proposed a trial date in January 2011, eight months after St. Jude's proposed May 2010 date. *See* Dkt. No. 31, at 12. Noting that "[t]he defense was a little less than that anxious to proceed that rapidly," the Court nevertheless recognized the prejudice to St. Jude by further delays in the schedule. Dkt. No. 57, at 5. As a result, the Court worked hard to accommodate all interests and, metaphorically speaking, "like Solomon … got ready to divide the baby." *Id.* ACI now wants to undo this record and effectively divide the baby one more time. ACI is correct that under the current trial schedule "[t]hree of St. Jude's patents expire … seventeen days before jury selection commences." ACI Motion, at 4. A fourth patent, however, does not expire at least until December 27, 2010, two months after trial. St. Jude's potential injunctive rights should not be further abrogated by allowing this fourth patent to expire before trial as well.[2]

---

[2] St. Jude's fifth patent, U.S. Patent No. 7,008,439, does not expire until 2023.

ACI insists that St. Jude would not be prejudiced by further delay because it would be difficult, in any event, to obtain an injunction in the two months between trial and the expiration of the fourth patent. It is true that past delays in the case schedule have made this a more challenging task. This does not mean, however, that St. Jude should now also be deprived of all remaining opportunities to enforce its injunctive rights in the fourth patent. Among other things, the Court could, for example, order expedited briefing after trial and enter an injunction on an expedited basis. The Court could also enter an injunction after summary judgment rulings. ACI should not be permitted to erase entirely, through procedural maneuvering, St. Jude's opportunity to enforce its injunctive rights to yet one more patent.

### C. ACI Cannot Show Good Cause for Its Requested Delay

The Local Rules are clear: "[n]o motion for continuance of any hearing will be granted except for good cause." W.D. Ark. L.R. 7.5(a). ACI does not, and cannot, meet this standard. A focus of the "good cause" inquiry is the movant's diligence. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Noticeably absent from ACI's Motion is any assertion that counsel apprised the *Function Media* court of the potential conflict before, or after for that matter, the conflicting trial date was set. Neither does counsel assert that it tried, diligently or otherwise, to convince the *Function Media* court to schedule that trial on a different date.

In fact, the public record in the *Function Media* case appears to be entirely silent with respect to the conflict with this case. On October 22, 2009, given Mr. Verhoeven's other obligations and the approaching pretrial dates in the *Function Media* matter, Google's counsel at Quinn Emanuel provided the *Function Media* court with a pleading titled "Google Inc.'s Notice Of Potential Scheduling Conflict," detailing Mr. Verhoeven's potential scheduling conflicts. Ex. A.[3] In that notice, *counsel made no mention of the January 19 tutorial or the January 20 claim construction hearing in this matter*. *Id.* The next day, on October 23, the *Function Media* court changed the trial date to begin on January 19, 2010 – the same day as the hearing in this case. Ex. B. The record does not show counsel complaining in any way. To the contrary, in fact, Google's

---

[3] All exhibits are attached to the Declaration of Jay Chung filed herewith.

counsel at Quinn Emanuel filed on November 4, 2009, an Unopposed Motion to Reschedule the Final Pretrial Conference and Pretrial Deadlines, in which it *once again made no mention of the conflict* between the new *Function Media* trial date and the hearings in this matter.  Ex. C.  In light of its silence before the *Function Media* court, ACI's counsel should not be heard to complain here that a conflict has developed.

This Court has specifically stated that ACI's excuse will not result in a continuance: "[t]he following excuse *will not warrant a continuance* nor justify a failure to comply with the discovery deadline: *The fact that one or more of the attorneys is set for trial in another court on the same day*, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case."  Dkt. No. 28, at 5 (emphasis added).  ACI should be held to this standard.  The Court set the claim construction tutorial and hearing dates two months before the trial date in *Function Media* changed.  Dkt. No. 38.  The setting in the *Function Media* case, therefore, was not made prior to the date of this Court's scheduling order.  Neither does ACI argue that the conflicting trial date was scheduled "as a special provision for the parties in the other case."  In fact, ACI admits that "the *Function Media* court *sua sponte* rescheduled the trial to begin on January 19, 2010."  ACI Motion, at 2.

### D.   ACI Has A Number Of Experienced Attorneys Capable Of Handling The Claim Construction Tutorial And Hearing

ACI is represented by a team of seasoned patent litigators at Quinn Emanuel, as well as at Haltom & Doan.  Quinn Emanuel, for example, describes itself as "a 400+ lawyer business litigation firm – the largest in the United States devoted solely to business litigation."  Ex. D.  The other ACI attorneys identified on its pleadings claim to be seasoned veterans in the practice of patent litigation, and are thus, presumably, perfectly capable of conducting a claim construction hearing.  *See,* Ex. E (attorney biographies).  With all due respect to Mr. Verhoeven, ACI's argument that the absence at a hearing of one single lawyer would be "detrimental to its case" is simply not credible.  ACI Motion, at 3.  Indeed, Mr. Verhoeven has not been involved in any of the parties' communications regarding claim construction to date.  Chung Decl. ¶ 2.  In any event,

one attorney's availability for a hearing, when many others are still available, ought not derail an entire case schedule, and threaten the judgment date and thus St. Jude's substantive patent rights.

### III.  CONCLUSION

A continuance of the claim construction tutorial and hearing will prejudice St. Jude. Moreover, ACI has failed to show good cause for the continuance or even diligence in trying to avoid its scheduling conflict.  Accordingly, St. Jude respectfully asks the Court to deny ACI's request for a continuance.

Dated: December 7, 2009               Respectfully submitted,

/s/ Jay Chung

Nicholas H. Patton
(nickpatton@texarkanalaw.com)
PATTON, TIDWELL & SCHROEDER, LLP
P.O. Box 5398
Texarkana, TX 75505-5398
(903) 792-7080
(903) 792-8233 (facsimile)

Morgan Chu (mchu@irell.com)
Jonathan Steinberg (jsteinberg@irell.com)
Andrei Iancu (aiancu@irell.com)
Maclain Wells (mwells@irell.com)
Jay Chung (jchung@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  09967
(310) 277-1010
(310) 203-7199 (facsimile)

Attorneys for Plaintiffs
St. Jude Medical, Inc. and St. Jude Medical
Puerto Rico LLC

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that the foregoing document was served on counsel of record by electronic filing and electronic service on December 7 2009.

                <u>/s/ Jay Chung</u>