IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ST. JUDE MEDICAL, INC. and
ST. JUDE MEDICAL PUERTO RICO LLC                                                 PLAINTIFFS

VS.                                       CASE NO. 08-CV-4101

ACCESS CLOSURE, INC.                                                              DEFENDANT

### MEMORANDUM OPINION AND ORDER ON MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS (DOC. 150) AND MOTION TO BIFURCATE STANDING

Before the Court are Defendant Access Closure, Inc.'s ("ACI") Motion for Reconsideration of Order Denying Motion to Dismiss for Lack of Standing (Doc. 158) and Motion to Bifurcate Standing (Doc. 160). St. Jude has filed responses to both motions. (Doc. 170 and Doc. 171). Both motions deal with arguments that Dr. Andreas Gruentzig was improperly omitted as a co-inventor of the '439 patent.[1] Accordingly, the Court will address them together.

ACI argues that the Court's order denying its motion to dismiss for lack of standing contains manifest errors of fact and law. ACI argues that failure to join an indispensable party under Rule 19 is not an issue because it owns all of Gruentzig's rights. Additionally, ACI argues that standing, whether constitutional or prudential, is a threshold matter that must be addressed before the merits.

ACI contends that Rule 19 is not in play if ACI owns Gruentzig's rights. ACI allegedly acquired Gruentzig's rights after it filed the motion to dismiss but did not address the acquisition in its reply brief. ACI contends that it did not address the agreement with Gruentzig's heir because it

---

[1] United States Patent No. 7,008,439 (the "'439 patent").

was unnecessary for ACI to prove it owns Gruentzig's rights to the '439 patent. According to ACI, to demonstrate St. Jude's lack of standing, it must only show that St. Jude does not own Gruentzig's rights. However, the only reason that it would matter that St. Jude lacks Gruentzig's rights is if Gruentzig were improperly omitted as a co-inventor, thus rendering the patent invalid (subject to correction under 35 U.S.C. § 256). *See Gemstar-TV Guide Intern., Inc. v. International Trade Com'n*, 383 F.3d 1352, 1381 (Fed. Cir. 2004) ("A patent is invalid if more or fewer than the true inventors are named."). If the patent were found invalid, correction allowed, and ACI were to establish it indeed owns Gruentzig's rights, standing might conceivably be in play. But, the much more logical approach would not involve standing; the '439 claims would simply be dismissed because St. Jude would no longer be a patentee of the '439 patent. *See* 35 U.S.C. § 281. Of course, this argument underlies ACI's merits-based defense of invalidity based on failure to join Gruentzig as a co-inventor. The Court, in addressing Rule 19, assumed that something more was in play in ACI's motion than simply transforming a merits defense into a question of standing.

The Court is obviously aware that some Federal Circuit cases discuss the issue of improper omission of a co-inventor in terms of standing. As far as the Court can tell, the practice began in licensee cases and later spread to co-inventor disputes involving actual holders of the disputed patents. A rule has developed that "all co-owners normally must join as plaintiffs in an infringement suit." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed.Cir.1998). Based on this rule, several district court and Federal Circuit cases have stated that the failure to join other co-owners of a patent in a patent infringement suit implicates prudential standing concerns.[2]

ACI argues that these cases eliminate the Court's discretion to proceed with the case without

---

[2] On the other hand, numerous other courts have discussed issues of non-joinder and § 256 petitions with no mention of standing.

first determining whether Gruentzig is a co-inventor. As the Court noted in its original order, any rule requiring that this issue be determined before the merits yields when jurisdictional facts are so intertwined with the merits of the case that resolution of the jurisdictional question is dependent on factual issues going to the merits. In this case, the jurisdictional facts are intertwined with the merits, albeit for different reasons than those expressed in the original order.

      The jurisdictional and merits issue are intertwined and ACI's motion to dismiss must fail because ACI asserted a merits defense of invalidity for failing to name Gruentzig as an inventor. "The right to a jury trial on issues of patent validity that may arise in a suit for patent infringement is protected by the Seventh Amendment." *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir.1985); *see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959). Whether the facts surrounding Gruentzig's contribution to the '439 patent are characterized as jurisdictional (*i.e.*, related to standing) or equitable (*i.e.*, related to § 256), they are intertwined with the merits. The facts surrounding the inventorship claim concern the degree of Gruentzig's inventive contribution to the '439 patent. The facts relating to the invalidity defense, namely, Gruentzig's alleged contribution to the claimed invention, are common, if not identical, to the facts underlying the inventorship claim. Thus, the jurisdictional issue is intertwined with the merits and the motion to dismiss must fail. *See Rothschild v. Cree, Inc.*, 711 F. Supp. 2d 173, 180 (D. Mass. 2010); *Leighton Techs., LLC v. Oberthur Card Sys*, 531 F. Supp. 2d 591, 595 (S.D.N.Y. 2008).

      The pleading of invalidity as a defense distinguishes this case from *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998), which ACI claims is "directly on point." Earlier in the *Ethicon* litigation, the plaintiffs sought mandamus directing the district court to allow the question of inventorship to be presented to the jury. *See In re Ethicon, Inc.*, 64 F.3d 671, 1995 WL 412789 (Fed. Cir. 1995). Although the Federal Circuit ultimately denied mandamus, it took for

granted that "[the plaintiff] would be entitled to a jury trial on the inventorship issue if [the defendant] had asserted an affirmative defense of invalidity based thereon." *Id*. at *1. Since ACI has asserted a defense of invalidity based on the inventorship issue, St. Jude, unlike Ethicon, is entitled to a jury trial on the issue and *Ethicon* is not controlling.

ACI's efforts to distinguish between invalidating the patent and seeking to correct the patent under 35 U.S.C. § 256 are unavailing. ACI is correct that § 256 raises a question of law (albeit one that, like many questions of law, depends on factual findings). *See Eli Lilly and Co. v. Aradigm Corp.*, 376 F.3d 1352, 1362 (Fed. Cir. 2004). However, the *Shum* case on which ACI relies for this proposition makes clear that a jury should determine the facts regarding inventorship when both a § 256 petition and a merits issue involving inventorship are at issue. *See Shum v. Intel Corp.*, 499 F.3d 1272, 1279 (Fed. Cir. 2007). Paraphrasing *Shum*, while St. Jude would not be entitled to a jury trial on the § 256 inventorship claim standing alone, given the co-pendency of the invalidity defense, a jury should determine the facts regarding inventorship. *Id*.[3]

St. Jude's Seventh Amendment right to have a jury determine the factual issues related to inventorship also dooms ACI's motion to bifurcate. In the motion to bifurcate, ACI requests that the Court hold a pretrial hearing to determine the factual issues related to inventorship before the jury trial on the merits. FED. R. CIV. P. 42(b), however, provides that "[w]hen ordering a separate trial, the court must preserve any federal right to a jury trial." As discussed at length, St. Jude has a right to have a jury determine factual issues related to inventorship. Because St. Jude's motion to bifurcate would impermissibly curtail St. Jude's right to a jury trial, the motion must fail.

---

[3] As a cursory search of the case law indicates, scores of cases have allowed juries to determine factual issues underlying § 256 petitions. *See, e.g., Eli Lilly Corp.*, 376 F.3d at 1356; *Boston Scientific Corp. v. Johnson & Johnson*, 550 F. Supp. 2d 1102 (N.D. Cal. 2008).

## **CONCLUSION**

Upon consideration, the Court finds that ACI's Motion for Reconsideration of Order Denying Motion to Dismiss should be and hereby is **DENIED** and that ACI's Motion to Bifurcate Standing should be and hereby is **DENIED**.

IT IS SO ORDERED, this 23rd day of November, 2010.

                                                    /s/ Harry F. Barnes
                                                   Hon. Harry F. Barnes
                                                   United States District Judge