IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

TEXARKANA DIVISION

| | |
|---|---|
| ST. JUDE MEDICAL, INC. and ST. JUDE MEDICAL PUERTO RICO LLC,<br><br>    Plaintiffs,<br><br>  vs.<br><br>ACCESS CLOSURE, INC.,<br><br>    Defendant. | **CASE NO. 08-CV-4101 (HFB)** |

**<u>ACCESSCLOSURE'S MEMORANDUM IN OPPOSITION TO ST. JUDE'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL</u>**

Pursuant to the Court's January 24, 2012 order (Dkt. 309), AccessClosure, Inc. ("ACI") hereby submits its memorandum in opposition to St. Jude's motion for judgment as a matter of law or for a new trial.  Because it is procedurally improper and substantively without merit, St. Jude's motion should be denied.

## INTRODUCTION

In construing claim 9 of U.S. Patent No. 7,008,439 to Janzen, et al. ("Janzen '439 patent"), the Court determined that each step of the claimed method must be in sequence.  (Dkt. 101 at 55-57.)  Applying the Court's construction, the jury found that ACI did not infringe claim 9.  (Dkt. 265.)  The jury was correct—indeed, St. Jude does not even challenge its non-infringement finding.

Instead, St. Jude suggests that the Court erred by requiring the steps of claim 9 of the Janzen '439 patent to be performed in sequence.  But St. Jude's motion is doubly flawed. Procedurally, St. Jude waived the right to challenge the Court's claim construction in a  post-verdict motion for judgment as a matter of law by not moving for judgment as a matter of law on that basis at trial.  Substantively, St. Jude's motion fails because it raises only arguments that the Court already considered and properly rejected.

The Court did not err in construing claim 9 of the Janzen '439 patent.  As a result, St. Jude is not entitled to judgment as a matter of law or to a new trial.  St. Jude's motion should be denied.

## LEGAL STANDARD

Under governing Eighth Circuit law, motions for judgment as a matter of law are only granted where no reasonable jury could find for the non-moving party.  *See, e.g.*, *Canny v. Dr Pepper/Seven-Up Bottling Group*, 439 F.3d. 894, 899-900 (8th Cir. 2006).  Motions for a new trial are only granted based on inaccurate jury instructions where the instruction is legally

erroneous and the erroneous instruction had prejudicial effect.  *Ecolab, Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1373 (Fed. Cir. 2002) (applying Eighth Circuit law).

## ARGUMENT

### I.   ST. JUDE DOES NOT CHALLENGE THE JURY'S NON-INFRINGEMENT FINDING.

At the outset, it is important to note what St. Jude is ***not*** challenging in its motion:  the sufficiency of the evidence to support the jury's finding that the use of ACI's Mynx device does not infringe claim 9 of the Janzen '439 patent.  Based on the Court's claim construction, the jury's verdict was indisputably correct.

Claim 9 of the Janzen '439 patent provides as follows:

9.  A method of closing a puncture in a wall of an artery made for the purpose of moving an elongated cardiac catheter into the artery in which an exterior guide tube is extended through a passage leading to the puncture and through the puncture in the wall of the artery and into the artery so as to enable the catheter to be guidingly moved through the guide tube and into the artery, the method comprising the steps of:

> withdrawing the cardiac catheter and moving the guide tube outwardly so that it no longer extends within the puncture,
>
> extending a plug having a removable guide wire extending longitudinally therethrough so that the guide wire extends from the plug through said puncture,
>
> moving the plug inwardly along the guide wire into blocking relation with said puncture, and
>
> withdrawing the guide wire from the plug so as to leave the plug sealed in blocking relation with said puncture.

(DX-8 at cl. 9.) The Court construed claim 9 to require that the above steps of the claim be performed in order.  (*See* Dkt. 101 at 55-57.)

The Mynx sealant is pre-loaded on the Mynx balloon catheter shaft.  (*See, e.g.*, 12/16/10 Tr. (Uchida) at 205:15-206:5.)  The Mynx sealant is inserted into the procedural sheath, or

"exterior guide tube," before the guide tube is moved "outwardly so that it no longer extends within the puncture." (DX-8 at cl. 9; *see also* 12/16/10 Tr. (Uchida) at 211:12-212:13; 12/17/10 Tr. (Brown) at 84:14-86:5.) To the extent that the core wire and/or balloon catheter in the Mynx device can be considered a "guide wire" or equivalent thereof, and to the extent that the Mynx sealant is a "plug" that can be "extend[ed]," deploying the Mynx device requires performing step (b) of claim 9 before step (a). Therefore, as the jury correctly concluded, deploying the Mynx device does not infringe claim 9.

## II.     ST. JUDE WAIVED ITS MOTION FOR JUDGMENT AS A MATTER OF LAW.

St. Jude requests relief in part under Rule 50(b) of the Federal Rules of Civil Procedure, which governs renewed motions for judgment as a matter of law filed after judgment is entered. As a condition for challenging the jury's verdict under Rule 50(b), a party must have sought judgment as a matter of law under Rule 50(a) at the close of its case and/or at the close of all of the evidence. *See, e.g.*, *Day v. Toman*, 266 F.3d 831, 835 (8th Cir. 2001) (finding waiver of any grounds for judgment as a matter of law not raised in Rule 50(a) motion); *Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1347 (Fed. Cir. 2010) ("Under Fed. R. Civ. P. 50(b), a party must have first moved for JMOL under Rule 50(a) at the close of all the evidence in order to preserve the right to renew that same JMOL motion after the jury returns its verdict."). Because St. Jude did not raise its "sequence" argument in its Rule 50(a) motion, St. Jude's motion for judgment as a matter of law must be denied.[1]

---

[1]   St. Jude may argue that there was no need to file a detailed Rule 50(a) motion in this case because both sides' Rule 50(a) motions were denied orally. (*See, e.g.*, 12/17/10 Tr. at 4:3-21.) The parties made clear, however, that they would be filing written submissions detailing their Rule 50 arguments in order to preserve those issues for appeal. (*See id.* at 4:22-5:13.) That St. Jude failed to provide such a detailed Rule 50(a) motion means that it may not make new arguments in its Rule 50(b) motion. *See, e.g.*, *Day*, 266 F.3d at 835, 837 (holding that "grounds" for a motion for judgment as a matter of law must be raised in a 50(a) motion to be renewed in a 50(b) motion); *see also Bradford Co. v. Jefferson Smurfit Corp.*, No. 2000-1511, 2001 WL

St. Jude's Rule 50(a) motion did not mention infringement of claim 9 of the Janzen '439 patent.  (*See* Dkt. 254.)  St. Jude did address infringement of other claims, such as claim 21 of the Fowler '375 patent, but not claim 9 of Janzen '439 patent.  (*See id.* at 8.)  Even to the extent that it did address infringement, however, St. Jude did not raise any challenge to the Court's claim construction ruling—not for claim 9 of the Janzen '439 patent or, indeed, for any other asserted claim.  (*See* Dkt. 254.)

Because St. Jude did not argue in its Rule 50(a) motion that the Court erred in construing claim 9 of the Janzen '439 patent, it may not do so now in a Rule 50(b) motion.[2]  Indeed, the only Eighth Circuit case cited in St. Jude's motion confirms the effect of such a waiver.  *See Canny*, 439 F.3d at 901 (finding waiver of certain argument where party excluded that argument from Rule 50(a) motion).  St. Jude's motion for judgment as a matter of law should be denied on the grounds that St. Jude waived the right to bring its motion under Rule 50.

## III.    THE COURT CORRECTLY CONSTRUED CLAIM 9 OF THE '439 PATENT TO REQUIRE THE STEPS TO BE PERFORMED SEQUENTIALLY.

To the extent that St. Jude is permitted to challenge the Court's claim construction in its "renewed" motion for judgment as a matter of law or for a new trial, St. Jude's motion fails on the merits.  In its motion, St. Jude makes exactly the same arguments that it presented to the Court during claim construction proceedings—arguments that the Court properly rejected—and St. Jude has offered no new analysis of the issue that could alter the previous result.  The Court's

---

3578792 (Fed. Cir. Oct. 31, 2001) ("Under Fed. R. Civ. P. 50(b), a party must have first moved for JMOL at the close of all the evidence in order to preserve the right to renew that same JMOL motion (and the same arguments supporting it) after the jury had rendered its verdict.").

[2]   ACI is not suggesting that all claim construction arguments must be preserved in Rule 50 motions.  ACI, in fact, plans to challenge various aspects of the Court's claim construction on appeal.  However, if St. Jude chooses to attack the judgment using Rule 50, it must do so properly.  Its failure to do so means that St. Jude's Rule 50 motion should be denied.

construction of claim 9 of the Janzen '439 patent was correct, and the jury's non-infringement verdict necessarily followed from that construction.  St. Jude's motion should be denied.

Under governing Federal Circuit precedent, a method claim must be construed to require that its steps be performed in sequence under two circumstances:  (1) when logic or grammar require that the claim steps be performed in order; or (2) where the intrinsic evidence indicates that the steps should be performed in order.  *See, e.g.*, *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1369-70 (Fed. Cir. 2003).  Courts regularly find that method claims require sequential performance of the claim steps where there is an indication in the intrinsic evidence that sequence is important.  *See, e.g.*, *Mantech Enviro. Corp. v. Hudson Enviro. Svcs.*, 152 F.3d 1368, 1375-76 (Fed. Cir. 1998); *Versata Software, Inc. v. SAP America, Inc.*, No. 2:07-cv-153, 2009 WL 1408520, at *9-*10 (E.D. Tex. May 19, 2009) (distinguishing *Altiris*); *Ring Plus, Inc. v. Cingular Wireless, LLC*, No. 2:06-cv-159-DF, 2007 WL 5688765, at*20-*24 (E.D. Tex. July 9, 2007) (Folsom, J.).

In this case, the Court ruled that step (a) of claim 9 must occur before step (b).  (Dkt. 101 at 55-57.)  Step (a) requires "withdrawing the cardiac catheter and moving the guide tube outwardly so that it no longer extends within the puncture."  (DX-8 at cl. 9.)  Step (b) requires "extending a plug having a removable guide wire extending longitudinally therethrough so that the guide wire extends from the plug through said puncture."  (*Id.*)  Logically, the steps of the claimed method must be performed in sequence—a conclusion that is confirmed by the Janzen '439 specification and prosecution history.

Logic dictates that step (a) must occur before step (b) because the procedure would not work otherwise.  The cardiac catheter that the doctor used to perform a diagnostic or interventional procedure must be removed from the guide tube to make room for the plug with

the guide wire running through it.  Similarly, the exterior guide tube must be outside of the artery

for the Janzen plug to be advanced to the correct position.  There is no disclosure in the Janzen

specification of a method for advancing a plug to the outside of the artery wall through a guide

tube that is positioned inside the artery.  St. Jude does not explain how the steps of Janzen's

claim 9 could be performed in any other sequence.

Without this explanation, however, St. Jude insists that two different passages from the

Janzen '439 patent specification indicate that the claim can be performed in a different order.

(St. Jude's Br. at 3.)  But the two passages that St. Jude cites have nothing to do with steps (a)

and (b) of claim 9.  The first passage describes threading a plug over a guide wire and moving it

inwardly; it does not mention "extending" a plug that already has a guide wire "extending

longitudinally" through it or moving an exterior guide tube.  (*See* DX-8 at 7:39-50.)  The second

passage relates to a method for ensuring that a sheath is ***inserted*** to an appropriate depth—a

method that is neither claimed in the Janzen '439 patent nor relevant to the timing of sheath

***removal***.  (*See id.* at 8:34-55.)

Additionally, other intrinsic evidence in the Janzen '439 patent confirms that steps (a)

and (b) must be performed in order.  During prosecution, to overcome an examiner's rejection of

claim 9, the Janzen applicants amended the claim to move the "moving the guide tube

outwardly" from its position after step (b) into step (a) of the claim.  (*See* Dkt. 101 at 56-57; Ex.

1 (9/7/00 Amendment (Ex. BB to Dkt. 68)).)  Because "there is no doubt that [this amendment]

was performed to overcome the examiner's rejections," St. Jude "may not now argue that claim

step [(a)] may be performed in its original position, *i.e.*, any time after step (b)."  (*Id.*)

As with its misreading of the specification, St. Jude's attempt to reinterpret the

prosecution history of the Janzen '439 patent is legally incorrect.  The Court correctly found that

the Janzen applicants amended claim 9 to move the "moving the guide tube outwardly" step into step (a) in order to ensure patentability, which means that St. Jude may not now claim that other sequences are within the scope of the claim. *See Loral Fairchild Corp. v. Sony Corp.*, 181 F.3d 1313 (Fed. Cir. 1999) (finding that amendments to method claim made to avoid examiner's rejection supported construction of the claim "as limited to performance of the sequence of process steps in chronological order).

The Janzen '439 patent examiner rejected the original version of claim 9, which was copied from a third party patent and had the guide tube being left in the artery, because the ***only*** sequence described in the Janzen '439 patent required moving the exterior guide tube out of the puncture ***first***, before anything else was done. (*See* Ex. 2 (5/24/00 Office Action (Ex. AA to Dkt. 68)).) The Janzen applicants' explanation (cited by St. Jude at 4) of their amendment does not alter the fact that they moved the "moving the guide tube outwardly" step to the beginning of claim 9 in response to the Examiner's rejection because that was the ***only*** sequence supported by the Janzen '439 patent specification. St. Jude should not be permitted to reclaim a sequence that the Patent Office would not allow.

The premise of St. Jude's motion is false: the Court correctly construed claim 9 of the Janzen '439 patent to require that its steps be performed in sequence.[3] Because the jury's verdict of non-infringement indisputably follows from that construction, St. Jude's motion should be denied.

## CONCLUSION

For the foregoing reasons, ACI respectfully requests that the Court deny St. Jude's motion for judgment as a matter of law or for a new trial in its entirety.

---

[3]   In the event that the Court revisits this claim construction—or any others—ACI would likely have presented a different case to the jury. If the Court is inclined to alter its claim construction, then, an entirely new trial would be required.

Dated:  March 13, 2012                     Respectfully submitted,

                                           /s/ David Eiseman
                                           Charles K. Verhoeven
                                           David Eiseman
                                           Linda Brewer
                                           Matthew D. Cannon
                                           Cathleen Garrigan

                                           QUINN EMANUEL URQUHART
                                               & SULLIVAN, LLP
                                           50 California Street, 22nd Floor
                                           San Francisco, CA 94111
                                           650.801.5000 (Telephone)
                                           650.801.5100 (Facsimile)
                                           charlesverhoeven@quinnemanuel.com
                                           davideiseman@quinnemanuel.com
                                           lindabrewer@quinnemanuel.com
                                           matthewcannon@quinnemanuel.com
                                           cathleengarrigan@quinnemanuel.com

                                           Brian Cannon
                                           QUINN EMANUEL URQUHART
                                               & SULLIVAN, LLP
                                           555 Twin Dolphin Drive, 5th Floor
                                           Redwood Shores, CA 94065
                                           650.801.5000 (Telephone)
                                           650.801.5100 (Facsimile)
                                           briancannon@quinnemanuel.com

                                           James N. Haltom
                                           Darby V. Doan
                                           Haltom & Doan
                                           6500 Summerhill Road, Suite 100
                                           Texarkana, Texas 75503
                                           (903) 255-1000 (Telephone)
                                           (903) 255-0800 (Facsimile)
                                           jhaltom@haltomdoan.com
                                           ddoan@haltomdoan.com

OF COUNSEL:

John B. Quinn
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
415.875.6600 (Telephone)
415.875.6700 (Facsimile)

**ATTORNEYS FOR DEFENDANT
ACCESSCLOSURE, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

     The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.2.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 13th day of March, 2012.

            /s/ *Cathleen Garrigan*