IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ST. JUDE MEDICAL, INC.; and
ST. JUDE MEDICAL PUERTO RICO, LLC                                    PLAINTIFFS


V.                                    CASE NO. 4:08-CV-04101


ACCESS CLOSURE, INC.                                    DEFENDANT

## ORDER

Before the Court are Defendant Access Closure, Inc.'s Motion to Stay Injunctive

Relief (ECF No. 361), Motion to Stay Execution of Monetary Judgment (ECF No. 367),

and Motion for Leave to File Supplemental Declaration. (ECF No. 371). Plaintiff St. Jude

Medical Puerto Rico, LLC has responded. (ECF Nos. 369. 372, & 373). The matters are

ripe for the Court's consideration.

## BACKGROUND

In December 2010, a jury found Defendant liable for infringing several of

Plaintiff's medical-device patents with its MynxGrip Vascular Closure Device. (ECF No.

265). Only one of those patents is relevant to the issue before the Court: U.S. Patent No.

7,008,439 (the "Janzen '439 patent"). The jury found that Defendant infringed two claims

of that patent, but it also found that those claims were invalid for double patenting. (ECF

No. 265, at 3).

Plaintiff contended, however, that the claims found invalid were in fact saved by

the safe-harbor provision of 35 U.S.C. § 121 (2006). The parties tried that issue to the

Court in June 2011 and the Court found that the safe-harbor provision did apply to

Plaintiff's patent. (ECF Nos. 294 & 307). Plaintiff then asked for a permanent injunction

to stop Defendant from using the MynxGrip device. In June 2012, the Court granted Plaintiff's request for the injunction. (ECF No. 360). Defendant now asks the Court to stay that injunction while it appeals the Court's safe-harbor decision.

## DISCUSSION

The following factors control stays pending appeal and injunctive relief generally: 1) whether the movant has shown that success on the merits is likely; 2) whether the movant will suffer irreparable harm but for a stay; 3) whether issuing the stay will substantially harm the other parties; and 4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Shrink Mo. Gov't PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998).

The factors should not be woodenly applied, and no single one controls the others. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.*

Defendant contends that each of the factors goes in its favor. Plaintiff disagrees. The Court will consider each in turn.

## I.       Success on the merits

Defendant has appealed the Court's safe-harbor ruling. (ECF No. 363). Defendant argues that the Court misapplied Federal Circuit law in finding the '439 patent safe-harbored. It provides several reasons for its argument. Plaintiff, however, contends that those reasons are merely recycled arguments from Defendant's earlier pleadings— points considered and rejected. According to Plaintiff, recycled arguments are not enough.

2

The Court cannot precisely peg the probability of Defendant's success on appeal. Nor is Defendant required to prove the likelihood of its success according to a mathematical threshold. *Dataphase*, 640 F.2d at 113 (movant need not prove a mathematical probability of success). Of course, if the Court thought Defendant's position was likely to succeed on appeal, the Court would not have decided against Defendant in the first place. But the Court is not required to predict its own reversal merely to find a sufficient showing of success on the merits.

In light of the other factors discussed below, and the complexity of the safe-harbor issue, the Court finds that Defendant's position is sufficiently reasonable to push the first factor in Defendant's favor.

## II.    Irreparable harm

In alleging irreparable harm, Defendant's CEO swears by affidavit that the imposition of the injunction will force the company to shut its doors, or at least its manufacturing and sales business, putting most of its 307 employees out of a job. Moreover, Defendant argues, imposing the injunction right away will deprive it of the money it needs even to appeal in the first place. *See Ryko Mfg. Co. v. Eden Servs.*, 759 F.2d 671, 673 (8th Cir. 1985) (affirming the district court's finding of irreparable harm where the movant would be "possibly forced out of business" and would be "unable to finance the present litigation").

Plaintiff argues that Defendant is exaggerating, and contends that Defendant should bear the cost of its infringement even if it is not exaggerating. Plaintiff points out that despite Defendant's claim to sell only the infringing MynxGrip product and no other, Defendant's own website belies this claim. Indeed, Defendant's website lists two products for sale, one of which is unrelated to this patent suit. *about us*,

3

ACCESSCLOSURE.COM, http://www.accessclosure.com/about/about-access-closure (last visited Sept. 25, 2012).

Despite Defendant's misstatement, the MynxGrip product is plainly the foundation of its business. A cursory glance at Defendant's website shows that the second product it sells, the Bengal™ Radial Compression Band, is merely an accessory to its primary business: selling the MynxGrip product. The Court finds plausible Defendant's claim that it faces imminent shut-down if the injunction goes into effect.

The Court thus finds that Defendant will suffer irreparable harm if the injunction issues.

### III.    Harm to Plaintiff

The next factor to consider is how a stay will harm the Plaintiff. While Plaintiff will likely be harmed by Defendant's continued operation, that harm is compensable by a post-judgment damages award. (ECF No. 308).  Plaintiff has faced competition from Defendant's infringing product for several years, and is unlikely to be substantially harmed by continuing competition pending Defendant's appeal.

### IV.    The public's interest

The final factor is the public's interest. "It is the public interest which is dominant in the patent system." *Mercoid Corp. v. Mid-Continent Inv. Co.*, 320 U.S. 661, 665 (1944). There are situations where "the interest in encouraging [medical] research and development outweigh[s] the public interest advanced by" the availability of medical devices. *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1383 (Fed. Cir. 2006).  Yet "[t]he public undoubtedly benefits from the continued availability of" successful and widely used medical products. *St. Jude Med., Inc. v. Intermedics, Inc.*, 611 F. Supp. 96, 101 (D. Minn. 1985).

The Court finds that the public's interest in access to competitively priced and produced medical devices outweighs the public's interest in enforcing Plaintiff's patent during the temporary appeals period.

## CONCLUSION

As the Court sees it, the factors on balance go in Defendant's favor. If the injunction issues and Defendant wins on appeal, the Court sees little chance for turning back. If, on the other hand, the status quo persists and Defendant loses on appeal, then Plaintiff may properly be compensated for Defendant's infringement in the interim. Accordingly, Defendant's Motion to Stay Injunctive Relief (ECF No. 361) should be and hereby is **GRANTED**. Fed. R. Civ. P. 62(c). The permanent injunction (ECF No. 360) is therefore **STAYED** pending a final ruling on Defendant's appeal.

The Court did not consider Defendant's proposed supplemental declaration in ruling in its favor. Therefore, Defendant's motion to file the declaration (ECF No. 371) should be and hereby is **DENIED AS MOOT**.

Plaintiff does not object to Defendant's motion to stay the monetary judgment until fourteen days after this order issues. Therefore, Plaintiff's Motion to Stay Monetary Judgment (ECF No. 367) should be and hereby is **GRANTED**. Execution of the monetary judgment (ECF No. 308) is thus **STAYED** through Tuesday, October 16, 2012, so that Defendant may post an appeal bond.

IT IS SO ORDERED, this 2nd day of October, 2012.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge