IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


ST. JUDE MEDICAL, INC.; and
ST. JUDE MEDICAL PUERTO RICO, LLC                                    PLAINTIFFS


V.                          CASE NO. 4:08-CV-04101


ACCESS CLOSURE, INC.                                                 DEFENDANT


# ORDER

Before the Court is Defendant Access Closure, Inc.'s Motion to Approve Appeal Bond and Stay Execution of the Monetary Judgment. (ECF No. 380). Plaintiff[1] has responded. (ECF No. 382). The matter is ripe for the Court's consideration.

## BACKGROUND

Plaintiff obtained a jury verdict in December 2010 finding that Defendant had infringed several of Plaintiff's medical-device patents, including U.S. Patent No. 7,008,439 (the "Janzen '439 patent"). Although the jury found that patent to have been infringed, it also found two of the patent's claims invalid for double-patenting. Plaintiff raised a safe-harbor defense to its patent under 35 U.S.C. § 121, and that defense was tried to the Court in June 2011. The Court found the safe-harbor defense applicable and effective to save the patent.

Defendant is appealing the Court's safe-harbor decision, among others. In the meantime, the Court has granted Plaintiff relief in the form of a permanent injunction (now stayed pending appeal) and a monetary judgment for $21.7 million. At the parties'

---

[1] The Court will treat both St. Jude entities together in the singular.

request, the Court has put off resolving any attorneys' fees, costs, interest, and other damages issues until Defendant's appeal is concluded.

After staying the permanent injunction, the Court gave Defendant several extensions of time to obtain a supersedeas bond to stay the monetary judgment pending appeal. Plaintiff agreed to those extensions. The parties, however, are still unable to agree on a bond amount. Defendant believes its current $21.7 million bond is sufficient; Plaintiff finds that amount too low. Defendant filed the instant motion on November 20, 2012 asking the Court to approve its bond over Plaintiff's objection.

## DISCUSSION

The Federal Rules of Civil Procedure entitle an appellant to stay a monetary judgment by obtaining a supersedeas bond. Fed. R. Civ. P. 62(d). The rule does not say what amount is required. "The function of a supersedeas bond is to protect the judgment creditor's position from erosion during any period that its right to execute is obstructed by a stay pending appeal…." *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 800 (7th Cir. 1986) (Easterbrook J., concurring); *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). The ordinary bond amount includes "interest[], costs, and damages for delay." *New Access Communications LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (internal quotation omitted). Though the ordinary bond includes those amounts, exceptional circumstances sometimes justify departing from the norm. *Hopfinger v. Kidder Int'l, Inc.*, 827 F. Supp. 1444, 1453 (W.D. Mo. 1993). Whether to require a bond and, if so, for how much, is left to the Court's discretion. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988).

Plaintiff finds two faults with Defendant's supersedeas bond: (1) the amount—namely, what it does not include; and (2) the wording of one of its three clauses. The Court will address each alleged fault in turn.

## I. Bond amount

Defendant's bond is for $21.7 million—the amount for which the Court has entered judgment in Plaintiff's favor for compensatory damages for infringement of two patents. (ECF No. 308). That judgment, by the parties' design and intention, reserved judgment on several other forms of relief, including: (1) compensatory damages for infringement of the '439 patent; (2) supplemental damages for infringement of the '439, '616, and '375 patents; (3) pre-judgment interest; (4) willful-infringement damages; (5) attorneys' fees; (6) post-judgment interest; and (7) whatever other relief the Court finds appropriate. (ECF No. 308, 2–3).

Plaintiff wants the bond to go beyond the judgment amount to include interest and costs. The Court does not find such an expansion warranted by the facts.

### a. Interest

The Court is of course mindful of the ordinary rule that an appeal bond should secure the value of the appellee's judgment while the appeal moves forward, and that the value of the appellee's judgment ordinarily grows with interest. But in this case, Plaintiff agreed to reserve its request for post-judgment interest until Defendant concludes its appeal. The only firmly settled part of Plaintiff's judgment so far is the $21.7 million in compensatory damages the Court has awarded. The other parts of Plaintiff's relief remain to be determined, and Plaintiff does not quibble with the majority of that relief—e.g.,

supplemental damages, enhanced damages, pre-judgment interest, and costs—being left out of Defendant's bond.

The Court sees no reason why Plaintiff should obtain an advance on its post-judgment-interest relief while waiting as planned for its other relief. Plaintiff cannot lose what it does not have, and right now it does not have a present claim to post-judgment interest. In short, Plaintiff agreed not to worry about post-judgment interest until Defendant's appeal is through, and it must stand by that agreement.

### b.     Costs

The Court is unclear on precisely what is included in Plaintiff's claim to have "costs" included in the bond amount. Plaintiff trains much of its brief on the inclusion of interest, but a few of its case quotes prescribe a bond amount that includes "counsel fees." (ECF No. 382, at 6). Moreover, "costs" can certainly be taken to mean the ordinary administrative costs of defending an appeal. The Court finds, however, that neither form of costs warrants a forced inflation of Defendant's bond.

First, attorneys' fees on appeal, while awardable under 35 U.S.C. § 285, *Shelcore, Inc. v. Durham Indust., Inc.*, 745 F.2d 621, 630 (Fed. Cir. 1984), are awardable only in exceptional cases. 35 U.S.C. § 285. As things appear so far, the Federal Circuit is unlikely to find Defendant's appeal frivolous or exceptional. *Id.*; *Stearns v. Beckman Instruments, Inc.*, 737 F.2d 1565, 1569 (Fed. Cir. 1984). The appeal seems reasonable and in good faith. Moreover, the Federal Circuit disagrees with an "expansive reading of § 285." *Forest Lab., Inc. v. Abbott Lab.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003). The Court thus finds that appellate attorneys' fees are not a sufficient potentiality to warrant increasing Defendant's bond.

Nor are the ordinary administrative costs of an appeal sufficient to warrant increasing Defendant's bond. As Plaintiff notes, the Eastern District of Texas imposes on supersedeas bonds a $250 charge to cover costs. (ECF No. 382-3, at 5). While Defendant's bond would ideally have included such an amount, the lack of $250 is not likely to jeopardize Plaintiff's position on the $27.1 million bond.

In sum, the Court finds the amount of Defendant's bond sufficient under the circumstances.

### II.     Ambiguity in bond clause

Plaintiff's second problem with Defendant's bond is the language of one of its three clauses. That clause states:

> Now, therefore, if ACCESSCLOSURE, INC. satisfies the judgment in full, together with costs and interest on such judgment, or if for any reason the appeal is dismissed, or the petition for certification is denied, or the judgment is affirmed, and must satisfy in full any modification of the judgment and such costs, interest, and damages as any appellate court may adjudge and award, then this obligation will be null and void; otherwise it will remain in full force and effect; provided however, the maximum liability of the Surety shall not exceed the sum of TWENTY SEVEN MILLION ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($27,100,000). (ECF No. 381, Exh. 10).

Plaintiff finds the clause ambiguous because, apart from being generally difficult to understand, it might be interpreted to say that "…if…the judgment is affirmed…then this obligation will be null and void…." According to Plaintiff, that ambiguity might be wielded as a way out of coverage, in which case the whole point of the bond is defeated. The language is so starkly at odds with the entire purpose of the bond that such a result is unlikely, but uncertainty exists nevertheless.

The Court too finds the clause's language troubling. "[W]ords are mere instruments for conveying thoughts to others. The critical people are the users, not the

writers, of words." Frank H. Easterbrook, *Legal Interpretation & the Power of the Judiciary*, 7 HARV. J. L. & PUB. POL'Y 87, 87 (1984). Even if the clause here is clear to the writer, it is foggy to the reader.

The clause seems to point out certain happenings that nullify the bond. If that is the intent, Defendant should rewrite the clause to state clearly and succinctly what those happenings are. The clause's language could possibly be pieced together, but a clear rewriting would greatly increase the sureness of the bond and therefore further its purpose.

## CONCLUSION

For the above reasons, the Court finds that Defendant's bond is sufficient in amount, but that the ambiguous clause should be rewritten to clarify which happenings nullify the bond. Therefore, upon consideration, the Court finds that Defendant's Motion to Approve Appeal Bond and Stay Execution of the Monetary Judgment (ECF No. 380) should be and hereby is **DENIED WITHOUT PREJUDICE**. Defendant shall file within **10 days** of this Order's entry its motion to approve its revised bond clarifying the third clause. The bond amount is sufficient. Plaintiff's response to Defendant's motion to approve is due **7 days** after Defendant's motion is filed. The response shall address only the nullification-clause issue. No reply will be considered.

IT IS SO ORDERED, this 18th day of December, 2012.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge